**BURROUGHS v. BUNCH et al.**

**No. 4550.**

Court of Civil Appeals of Texas. El Paso.

March 18, 1948.

Rehearing Denied April 14, 1948.

Roy E. Prothro, of Odessa, and Pinkney Grissom, of Dallas (Thompson, Knight, Harris, Wright & Weisberg, of Dallas, on the brief), for appellant.

Blanton, Deaderick & McMahon and Wm. B. Deaderick, all of Odessa, for appellees.

PRICE, Chief Justice.

This is an appeal from the District Court of Ector County. J. A. Bunch and E. C. Bunch, doing business as Bunch Construction Company, and Henry and Frances Biggs, as plaintiffs, sought recovery of damages against F. L. Burroughs, doing business as F. L. Burroughs & Company, for failure to obtain an insurance policy on a certain house adjacent to the city of Odessa under construction by the said Bunch Construction Company for Mr. and Mrs. Biggs under a cost plus contract. The trial was before the court with a jury, submission on special issues, and on the verdict returned the court entered a judgment in favor of plaintiffs in the sum of $9,783.85. Defendant Burroughs has perfected this appeal. Most of the points of error involve the contention that the evidence was insufficient to justify a recovery by the plaintiffs or to support the findings of the jury.

Plaintiffs plead in substance that defendant Burroughs was a general insurance agent representing numerous fire insurance companies, and was engaged in business at Odessa, Texas, further that plaintiffs E. C. and J. A. Bunch entered into a contract with plaintiffs Mr. and Mrs. Biggs to build for them a house just outside the city limits of Odessa, the said house to be built by said contractors on a cost plus basis, the cost to be approximately $16,-000, the said contractors to receive as compensation 15% of the total cost and expense of construction. The date of said contract was about June 26, 1946; that on or about said date E. C. Bunch entered into a contract with defendant Burroughs through Riley Brooks, the duly authorized agent of Burroughs, to issue an insurance policy known as a builder's risk policy in the sum of $16,000, to cover the said building aforesaid contemplated to be erected by the said contractors for the other plaintiffs, the said policy to be in full force and effect from and after the 26th day of June, 1946, until the building was completed. It is alleged that since January 1, 1946, there had been a course of dealings between E. C. Bunch and J. A. Bunch and defendant Burroughs whereby said defendant had issued to them various policies covering builder's construction risk in Odessa, and settlement for the premiums was made by the Bunches at the time of the completion of the building; that Bunches prosecuted the construction of said building with due diligence and by August 16, 1946, there was reasonably expended in the construction of said building the sum of $11,204.11; that on said date the building was destroyed by fire; that said Burroughs breached his agreement to obtain insurance for plaintiffs Bunch and that his conduct in the premises was negligent and that on account of the negligence of defendant Burroughs to obtain said policy plaintiffs had been damaged in the sum of $11,204.11.

After the close of the evidence plaintiffs, under the leave of the court, over the objection of defendants filed a trial amendment. In substance the trial amendment alleged that on or about June 26, 1946, plaintiff E. C. Bunch told defendant's agent, Riley Brooks, that he was starting to erect for Biggs and wife a home on a cost plus basis, same to cost between $16,000 and $18,000, and to be located about a thousand feet west of the old County Airport, and five blocks from the city limits, and ordered a builder's risk insurance policy to be written on said premises, and that Brooks, acting on behalf of Burroughs, agreed to obtain said policy if same could be written on a house outside the city limits, and agreed to notify said Bunch if he could not write such policy; that there had been a prior course of dealings between the plaintiffs Bunch and defendant Burroughs by which said plaintiff ordered from Burroughs through Brooks policies on jobs on which they controlled the insurance; that Burroughs would write the policies and when the jobs were completed send bills for the premiums; that Burroughs would be given the names of the owners, the approximate cost of the building and the location thereof; that defendant's agent Riley Brooks was negligent in failing to notify said plaintiffs he had not obtained said policy; that such negligence resulted in said plaintiffs not having a builder's risk policy on said date, and damaged the plaintiffs in the sum of $11,000. Defendants answered by general denial.

The jury found, in substance, that Brooks, acting for Burroughs, promised Bunch in

consideration of the regular premiums thereon that he would, if it were possible for him to so do, have issued a policy of builder's risk insurance in the sum of $16,000 covering the Biggs job on West 10th Street; that Brooks could have obtained such policy; that Brooks promised Bunch he would notify him if the policy could not be written; that plaintiffs E. C. and J. A. Bunch relied upon the representations of Brooks that he would advise them if the policy could not be written; that Brooks was negligent in failing to notify plaintiffs before the building was destroyed by fire that said insurance had not been obtained; that such negligence was the proximate cause of plaintiffs not having builder's risk insurance on the property at the time of the fire; that the difference in value of the property just before and just after the fire was the sum of $9,804.11; that Bunch gave Brooks sufficient information to write the policy.

In view of the fact that appellant's points of error from 1 to 9 inclusive each and all are in substance that the judgment herein should have been in favor of defendants, a consideration of the evidence is appropriate, in fact it is thought a general consideration and determination as to the sufficiency of the evidence to support the verdict and the judgment will render a separate consideration of each of the nine points unnecessary. At all relevant times defendant Burroughs conducted an insurance brokerage business in the city of Odessa, along with a loan and real estate business. He represented some seven or eight fire insurance companies. Riley Brooks was in charge of the insurance department of the business conducted by said Burroughs. The Burroughs agency could at all relevant times write insurance on buildings in and adjacent to the city of Odessa. E. C. and J. A. Bunch were at all relevant times engaged in the business of contracting to construct buildings in and adjacent to the city of Odessa. For some six or seven months prior to June 26, 1946, the said Bunches had had policies written on buildings which they were constructing, through the Burroughs agency, Riley Brooks acting for the agency. It was the custom for E. C. Bunch to tell Riley Brooks the location of the building, its approximate cost, and Brooks would cause a policy to be issued by one of the insurance companies represented by the Burroughs agency. The policy was retained by the said agency for the contractors and when the construction was completed E. C. and J. A. Bunch would pay the premiums due thereon and same would be cancelled.

On June 26, 1946, E. C. and J. A. Bunch entered into a written contract with plaintiffs, Mr. and Mrs. Biggs, to erect for them a residence adjacent to the city of Odessa. This residence was to be erected on a cost plus basis, and Mr. and Mrs. Biggs were to pay for all labor and material and necessary expenses furnished by the contractors, and the contractors were to receive 15% of the total cost as their compensation for the construction of the building. It was specifically provided in the contract that E. C. Bunch and J. A. Bunch were to be repaid for insurance. On August 16, 1946, the building then in the course of construction was destroyed by fire, or at least practically so destroyed.

The foregoing facts are practically without dispute. Plaintiff E. C. Bunch testified in substance that on June 26, 1946, subsequent to the execution of the contract for the erection of the house he asked Riley Brooks, Manager of the Insurance Department, if he could write builder's risk insurance on the house in question; that the house was outside the city limits; that Brooks informed him that he did not know, but that if he could not write the insurance he would notify him, and that he would write the insurance if he could. Bunch testified that he told Brooks the approximate location of the property; that the house was to be constructed on a cost plus basis, and that the owners were to reimburse the contractors for the cost of the insurance; that Brooks told him the premium would be higher on property outside the city limits. The location of the proposed house with reference to water was discussed; that he told Brooks that the house would cost approximately between $16,000 and $18,000; that $16,000 would cover.

Riley Brooks denied any conversation with Bunch with reference to the Biggs

house prior to the destruction thereof by fire; denied that he knew the house was under construction prior to the fire on August 16th. Ed Bunch, on the other hand, testified from time to time between June 26th and August 17th he discussed with Brooks the construction of the Biggs property. Under the evidence there was an issue of fact as to whether Brooks told Bunch he would insure the Biggs house or notify him if he could not do so. Or at least the jury were justified in so construing the conversation between E. C. Bunch and Riley Brooks, as testified to by Bunch.

Unless the transaction between Bunch and Brooks, taken in the light of previous transactions between the parties, created a duty on the part of defendant Burroughs to use reasonable diligence to secure for the plaintiff Bunch a policy insuring against fire, there was no duty owing by defendant Burroughs to obtain a policy so insuring him or to notify Bunch he was unable to do so. Defendant Burroughs does not claim he made any effort to obtain insurance; he does not claim he notified Bunch that a policy could not be obtained, in fact his agent Riley Brooks testified a policy could have been obtained on the property. The theory of defendant was that no care to obtain insurance on the property was exercised because there was no duty to exercise any care with reference thereto.

In the light of the verdict it may be said the jury gave credence to the testimony of plaintiff E. C. Bunch. Their province was to determine the facts where an issue with reference thereto arose out of the evidence. It cannot be said that the findings of the jury are without supporting evidence.

It is not seriously questioned by appellant "that a broker agent who with a view to compensation for his services undertakes to procure insurance on the property of another and fails to do so will be held liable for any damage resulting therefrom."

In the case of Diamond v. Duncan, 107 Tex. 256, 172 S.W. 1100, 177 S.W. 955, opinion by Judge Brown, it is said:

"Therefore we will dispose of the case upon the finding that plaintiff in error was an insurance broker, and had for years procured insurance for defendant in error on his property, and undertook to procure and furnish fire insurance on Duncan's property, which he had done many years. Duncan had the right to rely upon Diamond's performance of the agreement, and having failed and the property being destroyed by fire with no insurance, Diamond is liable for the loss."

This case is deemed strongly in point here. There can be no difference in principle in agreeing to keep a building insured and agreeing to obtain insurance on a building.

An insurance broker agreeing to obtain insurance owes the legal duty to obtain same and if he can not do so to notify his principal of failure. Elam v. Smithdeal Realty & Ins. Co., 182 N.C. 599, 109 S.E. 632, 18 A.L.R. 1212; Canfield v. Newman, Tex.Civ.App., 265 S.W. 1052, 1053; Stevens v. Wafer, Tex.Civ.App., 14 S.W.2d 295; Dargen v. Robinson, Tex.Civ.App., 140 S. W.2d 561; 28 Tex.Jur. p. 845, par. 128; Cleaves v. Lord, 3 Gray, Mass., 66; Backus v. Ames, 79 Minn. 145, 81 N.W. 766; Rezac v. Zima, 96 Kan. 752, 153 P. 500, Ann.Cas. 1918B, 1035; Russell v. O'Connor, 120 Minn. 66, 139 N.W. 148; Feldmeyer v. Engelhart, 54 S.D. 81, 222 N.W. 598, 599. The case of Russell v. O'Connor, supra, is deemed much in point here. In Feldmeyer v. Engelhart, supra, the Supreme Court of South Dakota approved the following charge [54 S.D. 81, 222 N.W. 599]:

"The court instructs the jury, that where an owner of property requests an agent to procure insurance, and the agent agrees to do so, and is free to do so, the effect of such contract is to obligate the agent to use reasonable diligence to procure the insurance and seasonably to notify the owner of the property in the event of failure of such attempt to procure insurance."

In our opinion the above instruction states the law applicable to this case. Defendant did not claim to have exercised any degree of care to obtain the insurance for plaintiff. His theory was that there was never any duty to seek to obtain insurance because Bunch had never even mentioned this risk to defendant's agent, Brooks.

In considering this case it must be borne in mind that this is not an action on a con-

tract of insurance. The breach of duty alleged was the failure of an insurance broker to use due diligence to obtain a policy. This distinguishes this case from such cases as Springfield Fire & Marine Insurance Company v. Hubb-Johnson Motor Co., Tex.Com.App., 42 S.W. 248. If the testimony of Bunch is to be given credence, Riley Brooks agreed to seek to obtain insurance on this building. He either had, or could have, obtained with the exercise of the least diligence, all of the facts necessary to obtain the insurance. He knew the approximate cost of the building, could have known the approximate length of time it would take to construct same; knew that coverage was desired while the building was under course of construction.

Appellant's contention that E. C. Bunch failed to specify the character of the coverage desired is deemed without merit. E. C. Bunch testified that the proximity of the building to water was discussed. It is thought that protection against fire is the most usual form of insurance on buildings.

The filing of a trial amendment is largely in the discretion of the trial court. The statement in appellant's brief fails to show that defendant was in any way injured by the filing of the trial amendment.

Several other points complain of the admission of evidence. Each and all have been carefully considered and none of them are deemed to disclose reversible error.

There being no reversible error in this case it is ordered that same be in all things affirmed.