TEXAS EMPLOYERS INS. ASS'N v.
HUDSON ENGINEERING
CORP. et al.

No. 12351.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 9, 1952.

524

Lloyd & Lloyd, Alice, for appellant.

Kenneth Oden and Perkins, Floyd & Davis, Alice, for appellees.

NORVELL, Justice.

■ Appellee Hudson Engineering Corporation has filed a motion to dismiss this appeal. Appellant, Texas Employers Insurance Association, filed its motion for new trial herein on May 19, 1951, which was prior to the rendition of judgment which took place on May 21, 1951. Rule 306a, Texas Rules of Civil Procedure. The motion was overruled by operation of law. Rule 330(j), R.C.P. The appeal bond was filed on July 19, 1951. The time (30 days) for filing the appeal bond is controlled by Rule 356, R.C.P. If the motion for new trial be considered overruled 30 days after the date the motion was filed, the appeal bond was filed too late and the appeal should be dismissed. However, if said motion was overruled by operation of law 30 days after date of judgment, then the appeal bond was filed in time.

This is a case involving a motion for new trial, hence Rule 306c, R.C.P., is applicable. This rule provides: "No motion for new trial or appeal bond or affidavit in lieu thereof shall be held ineffective because prematurely filed, but every such motion shall be deemed to have been filed on the date of but subsequent to the rendition of the judgment the motion assails; and every such appeal bond or affidavit shall be deemed to have been filed on the date of but subsequent to the rendition of the judgment appealed from or from the date of the overruling of motion for new trial, if such a motion is filed."

The motion for new trial was overruled by operation of law 30 days after May 21, 1951, the date of judgment and the appeal bond was therefore filed in time. Appellee's motion to dismiss the appeal is overruled.

**On the Merits of the Appeal.**

This is an action for the alleged wrongful death of Domingo Estringel, brought by his surviving children against Hudson Engineering Corporation and Marvin Damborsky. Texas Employers Insurance Association intervened in the case. The jury found that the negligence of Domingo Estringel contributed to the injuries that resulted in his death. Judgment was rendered that plaintiffs and intervener take nothing. Texas Employers Insurance Association alone has appealed.

It is indicated by the evidence that at the time of his injury Domingo Estringel was an employee of Gus Canales, Inc. His employer was furnishing common labor to Hudson Engineering Corporation, which was engaged in constructing a recycling plant on the Seeligson Ranch near Premont in Jim Wells County, Texas. Under the contract between the engineering company and Canales, the latter agreed to provide workmen's compensation insurance covering the laborers furnished by Canales. This insurance was placed with Texas Employers Insurance Association which, under an agreed judgment, paid $5,000 to the beneficiaries of Domingo Estringel and thus became subrogated to the extent of the amount paid to any claim said beneficiaries might have because of the wrongful death of Estringel.

■ By its first point appellant contends that the trial court erred in admitting in evidence the contract between Canales and Hudson Engineering Corporation. It is urged that this is a compensation recoupment suit and that evidence of a settlement with the employee by the employer or a compensation insurance carrier is not to be admitted before the jury. 10 Tex.Jur. Ten Year Supplement, p. 8. It appears, however, that the court admitted the agreement in evidence after giving instructions that the paragraph thereof relating to the carrying of compensation insurance should not be read to the jury. In our opinion, appellant's first point does not present a reversible error, and it is accordingly overruled.

By its second and third points, appellant attacks the jury's findings that Domingo Estringel was guilty of contributory negligence. On December 8, 1947, Estringel was riding on a truck owned by the Hudson Engineering Corporation and being driven by its employee, Marvin Damborsky. The vehicle was loaded with 20 joints of two-inch galvanized iron pipe. Each joint was 20 feet long and the load weighed approximately 1,000 pounds. The pipe lay over the cab of the truck and extended out and over the back end of the truck. It was held in place by a winch cable line that had been wrapped around the pipe a couple of times. Estringel was sitting on the right hand side of the truck bed, underneath or partially underneath the pipe. Damborsky drove the truck into a small swale or depression in a field and the winch line gave way. Damborsky was of the opinion that the winch brake slipped, but, in any event, the pipe came loose and fell upon Estringel causing injuries of which he died four days later. The jury found that the pipe had been improperly fastened to the truck but also found that Estringel failed to keep a proper lookout for his own safety, and that this was a proximate cause of his injuries. The evidence as to the accident was full and complete. Damborsky, his helper, Jack Gladney, as well as Ignacio Cadena, a fellow laborer of Estringel, testified as to the occurrence and the events which immediately preceded it. Cadena was seated in the truck with Estringel (on the left-hand side) when the accident occurred. He was able to jump and avoid injury. Under the evidence, we think that the question of whether or not Estringel was negligent in failing to protect himself was one for the jury. Appellant's second and third points are overruled.

By its fourth point, appellant contends that the judgment should be reversed because the jury answered "none" to the damage issue. Because of the answers to the contributory negligence issues, plaintiffs below could not recover and it has been held that under such circumstances the failure of a jury to find damages is not reversible error. Southern Pine Lumber Company v. Andrade, 132 Tex. 372, 124 S.W.2d 334; Harris v. Levy, Tex.Civ. App., 217 S.W.2d 154; Guerrero v. Wright, Tex.Civ.App., 225 S.W.2d 609. Appellant's fourth point is overruled.

The evidence in the case strongly indicated that Domingo Estringel was an employee of Gus Canales, Inc. The appellee in an alternative pleading asserted that if it be found that Domingo Estringel was an employee of Hudson Engineering Corporation, plaintiffs could not recover of appellee, because it carried workmen's compensation insurance and was not liable in a common law negligence action. The court, in submitting the case to the jury, inquired if (a) Estringel was an employee of Gus Canales, Inc., or (b) an employee of Hudson Engineering Company, or (c) an employee of both Gus Canales, Inc., and Hudson Engineering Company. The jury answered that Estringel was an employee of Gus Canales, Inc. By its fifth, sixth and seventh points, appellant urged that these issues were improperly submitted and that the definition of employee given in connection therewith was incorrect. In our opinion the definition given in no way prejudiced appellant, nor did the submission of the issues complained of. Assuming that the undisputed evidence showed that Estringel was an employee of Gus Canales, Inc., and that the submission of the issues was wholly unnecessary, they were answered favorably to appellant's contention, and in accordance with its pleaded theory of recovery. While, under some circumstances, the submission of unnecessary issues may result in prejudice and the reversal of a judgment, H. E. Butt Grocery Co. v. Johnson, Tex.Civ.App., 226 S.W.2d 501, there is nothing in the record here indicating that appellant was prejudiced in any way. Rule 434, R.C.P. Appellant's fifth, sixth and seventh points are overruled.

By its remaining points (eighth and ninth) appellant asserts that the contributory negligence issues relating to "proper lookout" were improperly worded. One issue inquired if "Domingo Estringel while riding on said truck, failed to keep a

proper lookout for said pipe." Another issue inquired if Estringel "failed to keep a proper lookout for said pipe after it started falling." Both issues were followed by negligence and proximate cause issues conditionally submitted. Both sets of issues were answered unfavorable to the plaintiffs. In our opinion, the issues complained of did not contain a comment on the weight of the evidence and appellant's eighth and ninth points disclose no reversible error. They are accordingly overruled.

The judgment appealed from is affirmed.