**Melvin C. POTTER et al., Appellants,**

v.

**TRANS–TEXAS PROPERTIES, INC., d/b/a
Sandy Shores Motor Hotel, Appellee.**

No. 4708.

Court of Civil Appeals of Texas.

Waco.

June 20, 1968.

Rehearing Denied July 18, 1968.

Frank W. Nesbitt, Fischer, Wood, Burney & Nesbitt, Corpus Christi, for appellants.

Lev Hunt, Kleberg, Mobley, Lockett & Weil, Corpus Christi, for appellee.

OPINION

TIREY, Justice.

Appellants have perfected their appeal from an order overruling their respective pleas of privilege, and the motions for judgment filed by defendant Jack Murphy & Company and defendant Melvin C. Potter.

The plaintiffs went to trial on their Second Amended Petition. Defendants Jack Murphy & Company went to trial on their First Amended Plea of Privilege, and defendant Melvin C. Potter went to trial on his First Amended Plea of Privilege. The cause was tried without the aid of a jury, and there was no request for Findings of Fact and Conclusions of Law, and none filed.

Pertinent to this discussion plaintiffs, in their Second Amended Petition, alleged:

"II.

"Prior to April 30, 1965, Plaintiff desired proper insurance coverage for its property located in Nueces County, Texas, including its refrigerating and air conditioning system at the Sandy Shores Motor Hotel in Corpus Christi, Texas. Plaintiff was contacted by Defendant Melvin C. Potter, an employee of Defendant, Jack Murphy & Company, which was associated with Defendant Allen T. Archer Co. in obtaining insurance business for Defendant American Motorists Insurance Company and Transamerica Insurance Company. The said Melvin C. Potter represented to Plaintiff that a General Boiler and Machinery Insurance Policy, including coverage for Plaintiff's refrigerating and air conditioning system was available in the companies he represented at less premium charges than Plaintiff was then paying. It was further represented to Plaintiff that such policy would afford coverage on boilers and other pres-

sure equipment, including refrigerating and air conditioning systems, where a rupture or other form of breakdown actually took place, whether or not the action of the contents of such pressure equipment caused corrosion or otherwise weakened the pressure parts in such system. The said Melvin C. Potter, Jack Murphy & Company, and Allen T. Archer Co. were experienced in the insurance business and purported to be familiar with all the terms and conditions of such policies. In reliance on the representations of such Defendants, Plaintiff agreed that it would and it did purchase insurance coverage on its property in Corpus Christi, Texas, including its boiler and air conditioning equipment, which the said Defendants had represented to it.

"III.

"On or about April 30, 1965, the said Jack Murphy & Company executed written agreements for and on behalf of all Defendants binding such Defendants to the insurance coverage which the said Melvin C. Potter, Jack Murphy & Company, and Allen T. Archer Co. had theretofore represented to Plaintiff that they would and had obtained for the property of Plaintiff located in Corpus Christi, Texas.

"IV.

"Subsequently, American Motorists Insurance Company issued its General Boiler and Machinery Policy Number 5XM 28 180, to which reference is made and incorporated herein for all purposes. Under the terms of such policy, Defendant American Motorists Insurance Company agreed, among other things, to pay for loss on the property of the assured Trans Texas Properties, Inc., d/b/a Sandy Shores Motor Hotel, directly damaged by accident and to further pay for the reasonable extra cost of Temporary repair and expediting the repair of such damaged property of Plaintiff. Such insurance policy was for a period of three (3) years from April 30, 1965, to April 30, 1968, and was supposed to have limits of One Hundred Thousand Dollars ($100,000.00). Because of the error and negligence of Defendant American Motorists Insurance Company, the Boiler and Machinery Policy it issued had limits of Five Thousand Dollars ($5,000.00) instead of One Hundred Thousand Dollars ($100,000.00). Subsequently, the said American Motorists Insurance Company purported to correct the mistake caused by its negligence and carelessness, by issuing endorsement increasing the limits of such policy from Five Thousand Dollars ($5,-000.00) to One Hundred Thousand Dollars ($100,000.00). However, because of its further negligence and carelessness, the said American Motorists Insurance Company issued such endorsement with effective date of May 10, 1965, instead of effective date of April 30, 1965.

"V.

"On or about May 8, 1965, loss was caused to the property of Plaintiff when its refrigerating and air conditioning system was directly damaged by an accident. It cost the sum of Nine Thousand Ninety-three and 48/100 Dollars ($9,093.48) to repair the damages so as to restore such refrigerating and air conditioning system to the condition it was before such damage, such cost being less than the actual cash value of the object. Further, the reasonable extra cost of temporary repair and of expediting the repair of such damaged property was Five Hundred Dollars ($500.-00)."

They further alleged in the alternative that in the event defendants were not authorized to bind Transamerica Insurance Co. and American Motorists Insurance Co. for insurance coverage, then in such event they were negligent in the following respects:

1.  In representing that they had authority to bind such companies.

2.  In failing to obtain insurance coverage they had represented to plaintiff they would obtain.

3. In failing to obtain the limits of liability in insurance policies they said they would obtain and had obtained.

Each of such acts and failure to act on the part of defendants Melvin C. Potter, Jack Murphy & Company and Allen T. Archer & Company was a proximate cause of damage to plaintiff.

They further alleged that the American Motorists Insurance Company was negligent in the following particulars:

1. In issuing its insurance policy with limits of liability other than those requested.

2. In issuing its endorsement purporting to correct its error with incorrect date endorsement was to be effective.

That each of such acts on the part of defendant insurance company was a proximate cause of the damage to plaintiff.

It further alleged that in addition to the amount of the loss, it sued for 12% penalty plus reasonable attorneys' fees, and alleged reasonable attorneys' fees to be $3,581.00.

It further alleged that it had a total loss of $14,325.70.

Plaintiff, in its controverting affidavit, denied as being untrue the allegations of each defendant's plea of privilege to the effect that no exception to exclusive venue in the county of one's residence existed. It adopted its Second Amended Petition to its controverting plea, and made it a part thereof.

It further alleged· that it is entitled to maintain this suit against each of the defendants under the provisions of Sec. 5 of Article 1995, and further that it was entitled to maintain this suit in Nueces County under the provisions of Sec. 9a of said Article, and further that it was entitled to maintain this suit against Jack Murphy & Company in Nueces County under the provisions of Sec. 23 of said Article, and further that it is entitled to maintain the suit against such defendants under the provisions of Sec. 28 of said Article, in that this suit is against an individual partnership and insurance company on agreements and policies covering property situated in Nueces County, Texas, and that the loss occurred in Nueces County, and the policyholder instituting the suit resides in Nueces County.

■ Under the rule announced by the Supreme Court in James v. Drye, 159 Tex. 321, 320 S.W.2d 319, we are bound by the rule there stated:

"On appeal from an order overruling a plea of privilege every reasonable intendment must be resolved in favor of the trial court's judgment."

■ We have considered the evidence very carefully, and we think evidence was submitted sufficient to establish the following facts:

1. That Melvin C. Potter and Jack Murphy & Company and Allen T. Archer & Company were associated in the furnishing of insurance coverage to Master Host Motor Hotels such as appellee.

2. That such association contracted and agreed to furnish to appellee in Nueces County, Texas insurance coverage for the motel and machinery of the appellee located there.

3. That such contract was made and was performable in Nueces County, Texas.

4. That the Association of Potter, Murphy and Archer & Company bound their association to the proposed insurance coverage for the motel and machinery of appellee in Nueces County, Texas, where the appellee resided.

5. That the association of Potter, Murphy and Archer promised to furnish, in Nueces County, insurance coverage of a particular type for air

**565**

conditioning effective April 30, 1965 with limits of One Million Dollars ($1,000,000.00).

6. That the association aforesaid delivered, in Nueces County, Texas, insurance coverage different from that they proposed and promised to deliver.

7. That the act of the association in delivering to appellee in Nueces County insurance coverage different from that which should have been delivered, was negligence.

8. That such negligence was a proximate cause of appellee's loss.

We are of the view that the evidence tendered is sufficient to support the trial court's implied conclusions of law:

1. That the contract between appellee and the association was performable and breached in Nueces County, Texas.

2. That the association of Potter, Murphy and Archer was negligent, which negligence was a proximate cause of the loss to appellee.

3. That the cause of action, or a part thereof, whether based on contract or on negligence, arose in Nueces County, Texas.

4. That the association of Potter, Murphy and Archer was an association within the meaning of the venue statute.

5. That in making the contract for insurance coverage the association of Potter, Murphy and Archer was acting as an insurance company within the meaning of the venue statute of the State of Texas.

As aforestated, the evidence is ample to support the implied findings of the trial court. See Burroughs v. Bunch, Tex.Civ. App., 210 S.W.2d 211, writ ref.

In view of the fact that this cause must be tried on its merits, we think further comment would be inadvisable.

The judgment of the trial court overruling the pleas of privilege and the motion for judgment is affirmed.