**Larry Don RICHTER et ux., Appellants,**

**v.**

**The PLAINS NATIONAL BANK, Appellee.**

**No. 4506.**

Court of Civil Appeals of Texas, Eastland.

April 7, 1972.

Rehearing Denied April 28, 1972.

Short & Helton, R. M. Helton, Wichita Falls, for appellants.

Nelson, McCleskey, Harriger & Brazill, Harold O. Harriger, Crenshaw, Dupree & Milam, J. Orville Smith, Lubbock, for appellee.

ON APPELLEE'S SECOND AMENDED MOTION FOR REHEARING

McCLOUD, Chief Justice.

The opinions and judgment of this Court dated January 7, February 25, and March 17, 1972, are hereby withdrawn and the following opinion is substituted therefor.

Larry Don Richter and wife, Sharron Richter, sued The Plains National Bank of Lubbock, alleging that the bank's employee, C. H. Farmer, wrongfully sold certain furniture and personal effects belonging to plaintiffs. The defendant bank acted as a mortgage servicer for the Federal National Mortgage Association who on February 6, 1968 foreclosed its mortgage on premises owned by plaintiffs. On February 12, 1968, Farmer sold the furniture and personal effects located on the premises for $150. Plaintiffs sought actual and exemplary damages. The jury found actual damages of $370 and no exemplary damages. The plaintiffs have appealed. We affirm.

After both parties closed and before the charge was submitted to the jury, appellants filed a motion requesting the court to withdraw from the jury the issue of liability, for both actual and exemplary damages, and submit issues only on the amount of damages. The trial court overruled this motion. Appellants' first point of error is that the trial court erred in not granting their motion.

The jury found appellee was liable for actual damages of $370. We do not think that liability for actual damages was established as a matter of law. However, if such liability issues were unnecessary we are nevertheless of the opinion that the submission did not amount to a denial of the rights of appellants as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Rule 434, Texas Rules of Civil Procedure; Texas Employers Insurance Association v. Hudson Engineering Corp., 245 S.W.2d 523 (Tex.Civ.App.—San Antonio 1952, no writ).

Appellants also argue that appellee was liable for exemplary damages as a matter of law because Farmer was not a mere employee but was as a matter of law a vice principal. They say that in view of the position Farmer held and the non-delegable duty performed, he was the alter ego of appellee. We disagree. We have carefully examined the record and we cannot say as a matter of law that Farmer was a vice principal. Fort Worth Elevators Co. v. Russell, 123 Tex. 128, 70 S.W.2d 397 (1934).

While discussing the rule to be applied in determining the liability of a principal for exemplary damages our Supreme Court in Fisher v. Carrousel Motor Hotel, Inc., 424 S.W.2d 627 (Tex.Sup.1967) said:

"The rule in Texas is that a principal or master is liable for exemplary or punitive damages because of the acts of his agent, but only if:

(a) the principal authorized the doing and the manner of the act, or

(b) the agent was unfit and the principal was reckless in employing him, or

(c) the agent was employed in a managerial capacity and was acting in the scope of employment, or

(d) the employer or a manager of the employer ratified or approved the act.

The above test is set out in the Restatement of Torts § 909 and was adopted in King v. McGuff, 149 Tex. 432, 234 S.W.2d 403 (1950)."

We hold that appellants have not discharged their burden of establishing that appellee was liable for exemplary damages as a matter of law.

Appellants contend in their second point of error that the trial court erred in

admitting certain evidence. The only assignment of error found in appellants' motion for new trial relating to the improper admission of evidence, complains of evidence admitted as to certain "debt defaults" of appellants. Rule 374, T.R.C.P.

Larry Don Richter alleged that he lost his job because of the wrongful acts of appellee. Appellants sought damages for nervous and emotional distress. They alleged their children were affected and that Sharron Richter sustained a miscarriage.

We think that appellants' debt defaults and creditor problems with parties other than appellee were admissible to show that something other than the acts of Farmer might be the cause of appellants' problems.

 In our original opinion this case was affirmed. Then appellants raised for the first time on motion for rehearing the existence of a fatal conflict between Special Issues No. 4 and 5 which were concerned with the course and scope of Farmer's employment.

The trial court in its charge defined the term "acting within the scope of his employment" as:

"acts of every kind and character having to do with and originating in the work, business or trade of the employer, done by an employee while engaged in or about the furtherance of the affairs or business of the employer, whether upon the employer's premises or elsewhere, and which act is done for the accomplishment of the objects for which he is employed.

You are further instructed that if an act is done by a servant, agent, or employee for his own benefit and not in the furtherance of the business or affairs of the employer, then the act is not done within the scope of the employment of the employee for the employer."

Special Issue No. 4 reads as follows:

"Do you find from a preponderance of the evidence that C. H. Farmer in disposing of the furniture, household goods and personal effects was acting in the course and scope of his employment with Plains National Bank?"

The jury answered "He was".

Special Issue No. 5 reads as follows:

"Do you find from a preponderance of the evidence that the act of C. H. Farmer in depriving the Plaintiffs of their personal property was done for his own personal gain and not in the performance of any act in the furtherance of the business of his employer, Plains National Bank?"

The jury answered "Yes".

We withdrew our original opinion and held that a fatal conflict did exist between Special Issues No. 4 and 5 and further held that such error could be raised for the first time on motion for rehearing. Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985 (1949); Marshall v. Hall, 151 S.W.2d 919 (Tex.Civ.App.—Beaumont 1941, writ dism.).

We have now been furnished a supplemental statement of facts which we think clearly discloses that appellee's attorney affirmatively waived the favorable finding in Special Issue No. 5 before entry of judgment.

 Before entry of judgment a party may waive a particular favorable finding in order to resolve a conflict in jury answers. Fidelity & Casualty Co. of New York v. McLaughlin, 134 Tex. 613, 135 S.W.2d 955 (1940); Eubanks v. Winn, 420 S.W.2d 698 (Tex.Sup.1967); Van Deventer v. Gulf Production Co., 41 S.W.2d 1029 (Tex.Civ.App.—Beaumont 1931, writ ref.); Thorn v. Stanford Sanitorium, 297 S.W.2d 862 (Tex.Civ.App.—Dallas 1957, no writ).

Appellee's second amended motion for rehearing is granted. We have considered all of appellants' points of error and all are overruled. The judgment is affirmed.