W. J. BARBER, Appellant,

v.

CORPUS CHRISTI BANK & TRUST, Appellee.

No. 811.

Court of Civil Appeals of Texas, Corpus Christi.

Feb. 21, 1974.

Bob J. Spann, McDonald, Spann & Smith, Corpus Christi, for appellant.

Robert W. Dupuy, Wood, Boykin & Wolter, Corpus Christi, for appellee.

OPINION

BISSETT, Justice.

This is a promissory note case. Corpus Christi Bank and Trust instituted the suit against Robert Choate and W. J. Barber. The cause was severed as to Choate and a judgment was taken against him. That judgment was not appealed. Thereafter, the cause proceeded to trial (before a jury) against Barber. The jury found that Barber did not sign the note as a "borrower" (Special Issue No. 1), but did sign the same as an "accommodation endorsement" (Special Issue No. 2). Judgment was rendered for the Bank against Barber for the amount due on the note, plus interest thereon. The defendant Barber has perfected an appeal to this Court. We affirm.

Plaintiff (Bank) alleged that defendants (Choate and Barber) "on or about September 1, 1971, executed and delivered to Corpus Christi Bank and Trust their promissory note in the principal amount of $4859.-88; that "said note is past due and unpaid"; and "same is presently owned and held by Corpus Christi Bank and Trust". Defendant (Barber) denied the allegations contained in plaintiff's petition, and alleged that "this defendant has executed no instrument in writing creating liability on his part" and that his signature "on the basic application was for accommodation only and he has no obligation on the principal obligation".

The matter to be determined is whether the signature of Barber on the document which was introduced in evidence by plaintiff as plaintiff's Exhibit No. 1 rendered Barber liable to plaintiff. We hold that it did.

Plaintiff's Exhibit No. 1 consists of one page, is entitled "NOTE–UNSECURED–WITH LOAN STATEMENT", and identifies Corpus Christi Bank & Trust as "LENDER". Two columns of writing occupy the upper two thirds of the page; the left column contains language usually found in promissory notes, including the following recitations:

"FOR VALUE RECEIVED, I, we, or either of us (BORROWER), promise to pay to the order of LENDER at the address of LENDER stated above, the sum of $4859.88 payable. . .

\*    \*    \*    \*    \*    \*

Each of the undersigned hereby waives presentation    hereof    for    payment, . . . "

The right column of the upper two thirds of the exhibit contains data under the heading "Disclosure Column".

The lower one third of the exhibit contains two paragraphs that occupy all of that portion of the page. The first paragraph gives the borrower an option of "credit life" or "credit, life, accident and health" insurance. The block "credit life" was checked. Immediately under the insurance options appears the signature of Robert Choate as "Borrower". The paragraph concludes with another insurance option. The insurance options are not involved in this appeal. The second paragraph in the lower one third of the exhibit reads as follows:

"BORROWER hereby acknowledges that this *combined* note, loan statement and Truth in Lending Disclosure was completed as to all essential provisions and disclosures before it was signed by BORROWER and a copy thereof was delivered to BORROWER at the time of signing". (Emphasis supplied.)

Immediately thereunder is a line wherein the words and figures "Robert Choate 3502 Ayers CC" appear in handwriting; below the line in parenthesis are the machine printed words "(BORROWER'S name, address and telephone No.)". Immediately under the aforesaid line are two lines, one on the left side of the page and one on the right. Under each line in parenthesis are the words "(Signature of BORROWER)". Robert Choate signed on the left line and W. J. Barber signed on the right line.

Special Issue No. 2 and the jury's answer thereto reads, as follows:

"Do you find from a preponderance of the evidence that W. J. Barber did not sign Plaintiff's Exhibit No. 1 as an accomodation endorsement?

In connection with your consideration of this Special Issue, you are instructed that an accomodation endorsement is one made for the purpose of lending credit to the accomodated party without any consideration moving to the accomodating party.

Answer 'We do' or 'We do not.'

Answer: 'We do not.' "

■ Defendant, in his fifth point, complains that the trial court erred in submitting Special Issue No. 2. Numerous reasons are given in support of the asserted error. We cannot consider the point because the propriety of submitting the issue is not properly before us in this appeal. The transcript contains an instrument which shows that defendant dictated certain objections to the submission of that issue, but the record does not reveal that the transcribed objections were ever presented to the trial judge so that he could endorse his ruling and official signature thereon as required by Rule 272, Texas Rules of Civil Procedure. We, therefore, consider the issue and the jury's answer thereto as though no objections were made. Rule 272, supra; Grabes v. Reinhard Bohle Machine Tools, Inc., 381 S.W.2d 395 (Tex. Civ.App.—Corpus Christi 1964, writ ref'd. n.r.e.); Charter Oak Fire Insurance Company v. Perez, 446 S.W.2d 580 (Tex.Civ. App.—Houston 1st Dist. 1969, writ ref'd n.r.e.). Defendant's fifth point is overruled.

■ Defendant's sixth point of error reads, as follows:

"The Judgment of the Trial Court should be set aside because it is based upon the answer to Special Issue No. Two which is objectionable because: (a) It is not supported by any evidence; (b) It is not supported by sufficient evidence; (c) It is not supported by proper pleadings; (d) Any affirmative answer to the issue would be against the overwhelming weight and preponderance of the evidence."

The point does not present fundamental error. We consider the point as being multifarious and too general to comply with the

requirements of Rule 418, T.R.C.P. A point of error is multifarious if it embraces more than one specific ground of error. City of Shamrock v. Hrnciar, 453 S.W.2d 898 (Tex.Civ.App.—Eastland 1970, writ ref'd n.r.e.); Johnson-Sampson Const. Co., Inc. v. W & W Waterproofing Co., 274 S.W.2d 926 (Tex.Civ.App.—Amarillo 1953, writ ref'd n. r. e.); Appellate Procedure in Texas, § 12.4(4), (5). However, it has long been the policy of this Court to indulge a liberal construction of the briefing rules in favor of the sufficiency of a brief and to give effect thereto if we can determine with some degree of certainty the nature of the point. We, therefore, test the sufficiency of the point in accordance with the rule which requires us to look to the statement and argument under the point. Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478 (1943); Tindall v. Tacconelly, 328 S.W.2d 909 (Tex.Civ.App. —San Antonio 1959, writ ref'd n.r.e.). More than one legal question is involved and more than one specific ground of error appears in the one point. The statement and argument, when viewed in its entirety, encompass the entire lawsuit; a conglomerate of law and fact points is presented. Subdivision (a) of the point is a "no evidence" point, and subdivision (c) presents a question relating to pleadings; both are law points, and, if either is sustained, the case must be reversed and rendered. Subdivision (d) raises a question of fact; if it is sustained, the case must be reversed and remanded, rather than rendered. Subdivision (b) is ambiguous; it can mean that the evidence is legally insufficient to support the judgment, which will present a law question, or it can mean that the evidence is factually insufficient, which will present a fact question. After carefully considering the statement and argument in defendant's brief, we are unable to determine the precise nature of the point. As written, the point presents questions of fact within the peculiar and factual jurisdiction of the Court of Civil Appeals, and questions of law within the jurisdiction of the Supreme Court as well as within that of the Court of Civil Appeals. See Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup.1965). Each of the subdivisions set forth in the point presents a different question to and guideline for an appellate court to follow in properly disposing of the point of error. Owens v. Rogers, 446 S.W.2d 865 (Tex. Sup.1969); United States Fidelity & Guaranty Co. v. Harris, 489 S.W.2d 312 (Tex. Civ.App.—Tyler 1973, writ ref'd n. r. e.). The point does not meet the test imposed by Fambrough v. Wagley, supra, and Tindall v. Tacconelly, supra. For the reasons stated, defendant's sixth point is overruled. However, if the point were to be considered as not being multifarious, a careful examination of each of the complaints contained in the four subdivisions of the point, fails to reveal reversible error.

We next consider defendant's first, second, seventh and eighth points. It is his contention in his first point that the trial court should have granted his motion for instructed verdict because the instrument offered as plaintiff's Exhibit No. 1 was in fact two instruments consisting of 1) a note, and 2) a truth in lending statement, and that defendant did not sign the portion thereof which constituted the note. In his second point, he asserts that the trial court erred in not granting his motion for judgment after the verdict because there was no pleading by plaintiff to support a recovery against the defendant Barber in any capacity other than as borrower. He complains, in his seventh point, that the trial court failed to submit his defensive theory of the case, i. e., that plaintiff's Exhibit No. 1 is ambiguous and the court's charge does not submit the questions 1) whether defendant actually signed a note, and 2) whether, at the time he signed the exhibit, he intended to sign a truth in lending. He claims, in his eighth point, that judgment should have been rendered that plaintiff take nothing because of the jury's answer to Special Issue No. 1 that defendant did not sign the exhibit in question as a "borrower", and that such constitutes a finding that he, defendant, did not sign the note. None of the points can be sustained.

■ In order for the trial court to have properly directed a verdict for defendant on the grounds urged in his first point, it would have been necessary for the court to have determined that ordinary minds could not differ that the exhibit was two instruments. Kirby Lumber Co. v. Temple Lumber Co., 125 Tex. 284, 83 S.W.2d 638 (1935); Lewis v. Clark, 149 S.W.2d 244 (Tex.Civ.App.—San Antonio 1941, writ dism'd, judg. corr.). The exhibit was admitted by the trial court as one instrument and identified by plaintiff as the promissory note executed by Choate and Barber. It was introduced in evidence without objection. The language in the final paragraph of the exhibit recites that the instrument is a *combined* note, loan statement and truth in lending disclosure. The evidence conclusively shows that the exhibit is one instrument. It is not ambiguous.

■ Plaintiff's original petition, its trial pleading, reads, in part, as follows:

"Defendants on or about September 1, 1971, executed and delivered to Corpus Christi Bank and Trust their promissory note in the principal sum of Four Thousand Eight Hundred Fifty-nine Dollars Eighty-eight Cents ($4,859.88) dated September 1, 1971 payable to the order of Corpus Christi Bank and Trust. . . ."

The petition was a general pleading which asserted that defendant was liable to plaintiff on the note upon which suit was filed. Defendant did not specially except to such general allegations, and went to trial upon the general pleadings of plaintiff. A party may plead liability in general terms, and, if not excepted to, the pleading will authorize the introduction of evidence to establish liability. Agnew v. Coleman County Electric Cooperative, 153 Tex. 587, 272 S.W.2d 877 (1954); Western Union Tel. Co. v. Jeanes, 88 Tex. 230, 31 S.W. 186 (1895); Coleman v. Texas & Pac. Ry. Co., 241 S. W.2d 308 (Tex.Civ.App.—Dallas 1951, writ ref'd). Here, the trial court correctly submitted the issue of liability when it submitted both Special Issue No. 1 (which was answered favorably to defendant) and Special Issue No. 2 (which was answered favorably to plaintiff). Special Issue No. 2 is supported by plaintiff's pleadings, and as has already been pointed out, the correctness of submitting that issue cannot, under the record before this Court, be questioned in this appeal. There was no dispute in the evidence that the signature of defendant Barber appeared on plaintiff's Exhibit No. 1 at the bottom of the page on the right-hand side. Moreover, plaintiff's Exhibit No. 4 (Defendant's original answer and cross action), which was an abandoned pleading, contained the following allegations:

"Defendant shows that he executed the promissory note described in Plaintiff's Original Petition as an accommodation to Defendant, Robert Choate and without receiving any of the consideration of the loan made to Robert Choate, . . ."

This pleading, although abandoned by defendant, was admissible in evidence against defendant on the ultimate issue of his liability on the note. Long v. Knox, 155 Tex. 581, 291 S.W.2d 292 (1956); Miller v. Carlson, 390 S.W.2d 64 (Tex.Civ.App.—Texarkana 1965, writ ref'd n.r.e.); McDonald, Texas Civil Practice, Vol. 2, § 8.-10, pp. 339–343. The allegations made by defendant therein, while not a judicial admission, are admissible as evidence of the capacity in which defendant executed plaintiff's Exhibit No. 1. Kirk v. Head, 137 Tex. 44, 152 S.W.2d 726 (1941).

■ Plaintiff's Exhibit No. 1, the testimony of plaintiff's officer relating to the discussions which he had with Choate and defendant in connection with making the loan, the credit investigation that plaintiff made of defendant prior to the execution of the exhibit, the financial statement of defendant which was required by plaintiff before making the loan, the allegations

made in defendant's abandoned pleading, and the delivery of the money to Choate under the conditions and circumstances existing, constituted evidence from which the jury could (and did) find that defendant was liable to plaintiff on the note as an accommodation party, even though he (defendant) did not receive any proceeds of the loan itself.

A maker of a note is one that "engages that he will pay the instrument" according to its terms. Tex.Bus. & Comm.Code, § 3.413(a), V.T.C.A. "An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it". Tex.Bus. & Comm.Code, § 3.415(a). "When the instrument has been taken for value before it is due the accommodation party is liable in the capacity in which he has signed even though the taker knows of the accommodation". Tex.Bus & Comm.Code, § 3.415(b).

■ The trial court, in rendering judgment for plaintiff, properly disregarded the jury's answer to Special Issue No. 1 (that defendant did not sign plaintiff's Exhibit No. 1 as a borrower), because plaintiff was entitled to judgment upon a favorable finding to either Special Issue No. 1 *or* Special Issue No. 2. We hold that defendant executed the note as an accommodation party as that term is defined in the Tex. Bus. & Comm.Code. Defendant's first, second, seventh and eighth points are overruled.

■ The court's charge contained three special issues. Special Issue No. 3 is not involved in this appeal. The special issues contained in the charge submitted the only ultimate issues raised by the pleadings and evidence; they properly submitted the theories and contentions of both plaintiff and defendant. We have carefully considered all of defendant's remaining points of error, and they are all overruled.

The judgment of the trial court is affirmed.