**JACK CRISWELL LINCOLN MERCURY, INC., Appellant,**

v.

**Dimitrios N. TSICHLIS, Appellee.**

**No. 7935.**

Court of Civil Appeals of Texas, Beaumont.

March 31, 1977.

---

Roger N. Moss, Lufkin, for appellant.

George C. Dixie, Houston, for appellee.

KEITH, Justice.

The corporate defendant appeals from an adverse judgment rendered after a trial by

jury and we will designate the parties as they appeared in the trial court.

Plaintiff, a Greek immigrant, purchased a new automobile from the corporate defendant and it agreed to procure a policy of insurance covering loss or damage to such vehicle as well as protection against personal injury and property damage claims of other parties arising out of the acts of the plaintiff in the operation of the vehicle. Although defendant received the premiums from the bank financing the transaction, it did not procure the policy of insurance which it had agreed to procure. After an accident which destroyed the vehicle and in which plaintiff was injured, he found that he had no insurance.

Plaintiff sought and recovered damages for the loss of his vehicle ($2,250), plus attorney's fees in defense of the personal injury action—$500, and $20,000 in exemplary damages. The judgment was entered against the corporate defendant since the plaintiff did not submit any issues against the individual defendants. Defendant filed a motion for judgment non obstante veredicto asking that the court set aside the answer of the jury finding $20,000 in exemplary damages because "[s]aid punitive damages are excessive and are not related to the actual damages found by said jury." It sought a reduction of such damages to the sum of $5,000. Although plaintiff responded to such motion by filing a memorandum brief, we do not find that the motion was called to the attention of the court.[1]

The amended motion for new trial contained a single assignment: The court erred in submitting Special Issue No. 3 wherein the jury found that the corporate defendant, in failing to procure insurance upon plaintiff's vehicle, acted "in heedless and reckless disregard of the rights" of plaintiff. It was urged, in this single assignment:

"  .  .  that there was no pleading by the Plaintiff to support the submission of said issue, and there was no evidence to support the affirmative evidence findings of the jury to special issue No. 3, or there was insufficient evidence to support the affirmative finds [sic] of the jury in special issue No. 3, and in the alternative, said finding by the jury was against the greater weight and preponderance of the evidence."

This motion was overruled by operation of law although we find an order overruling which was entered after the expiration of the time when the Court could act thereon.

While defendant has four points of error, we are unable to come to grips with any because of the disregard of the rules governing appellate procedure. Consequently, we affirm for the reasons now to be stated.

Under *Tex.R.Civ.P.* 324, a motion for new trial is a prerequisite to an appeal in all cases tried to a jury except in certain instances not material to this case. *Wagner v. Foster*, 161 Tex. 333, 341 S.W.2d 887 (1960); *St. Louis South-Western Railway Company v. Duke*, 424 S.W.2d 896, 897 (Tex.1967); *Valdez v. Gill*, 537 S.W.2d 477, 481 (Tex.Civ.App.—San Antonio 1976, writ ref'd n. r. e.).

Defendant has completely misconstrued the concept of the rule relating to motions for judgment non obstante veredicto as set out in *Tex.R.Civ.P.* 301. A trial court is authorized to enter judgment non obstante veredicto only "if a directed verdict would have been proper." Before such a motion may be granted, it must be determined that there is no evidence having probative force upon which the jury could have made the findings relied upon. *Burt v. Lochausen*, 151 Tex. 289, 249 S.W.2d 194, 199 (1952). And, the trial court, in passing upon the no evidence point so presented must consider the evidence in the light most favorable to the jury's findings, considering only the evidence and inferences which support the verdict and rejecting the evidence and inferences which are contrary thereto.

---

1. It is apparent that the parties did not follow the provisions of the Supreme Court order relating to the preparation of the transcript (*Tex.R. Civ.P.* 376–a) providing: "Trial briefs and memoranda of authorities shall not be included in the transcript."

*Leyva v. Pacheco,* 163 Tex. 638, 358 S.W.2d 547, 550 (1962). These rules have been followed uniformly by our courts for many years. See, e. g., *Grundmeyer v. McFadin,* 537 S.W.2d 764, 768 (Tex.Civ.App.—Tyler 1976, writ ref'd n. r. e.).

Thus, only a "no evidence" point is before a court when considering a motion for judgment non obstante veredicto. This is, essentially, a question of law. See R. Calvert, "'No Evidence' and 'Insufficient Evidence' Points of Error", 38 *Tex.L.Rev.* 361, 362 (1960). Yet, a determination of excessiveness in an award of damages is a question of fact, not one of law. *Southwestern Investment Company v. Neeley,* 452 S.W.2d 705, 708 (Tex.1970). The only way defendant could invoke the jurisdiction of this court in considering the excessiveness of the award of exemplary damages would have been to have made such a complaint in its motion for new trial in the district court. No such challenge was made and we have no jurisdiction to consider the question in its present posture. *Miller v. Riata Cadillac Company,* 517 S.W.2d 773, 776 (Tex.1974). Point one, complaining of the award of $20,000 in punitive damages to the plaintiff, and point two, complaining of the failure of the trial court to require a remittitur of $15,000 of the punitive damages, are overruled.

We decline to consider defendant's third point of error reading:

"The District Court erred in refusing to grant Defendant's Motion for a New Trial based upon Defendant's Amended Motion for a New Trial as to Special Issue Number 3."

This point of error, apparently, refers to the single assignment of error contained in the motion for new trial which has been set out earlier in this opinion.

The point is multifarious and too general to comply with the requirements of *Tex.R. Civ.P.* 418. See *Barber v. Corpus Christi Bank & Trust,* 506 S.W.2d 254, 257–258 (Tex.Civ.App.—Corpus Christi 1974, no writ). See also, *Ives v. Watson,* 521 S.W.2d 930, 933 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.); *Garrett v. Standard Fire*

*Ins. Co., etc.,* 541 S.W.2d 635, 639 (Tex.Civ. App.—Beaumont 1976, writ ref'd n. r. e.).

We are not authorized to consider defendant's fourth point of error complaining of the exclusion of testimony of a witness. No such complaint was contained in the motion for new trial and it cannot be urged here for the first time. *Miller v. Riata Cadillac Company,* supra (517 S.W.2d at 776).

We have disposed of the appeal upon sound procedural grounds following the rule enunciated in *Englander Company, Inc. v. Kennedy,* 428 S.W.2d 806, 807 (Tex.1968):

"The burden is upon a party appealing from a trial court judgment to show that the judgment is erroneous in order to obtain a reversal."

And, we hasten to add, it is the appellant's burden of establishing error within the framework of the applicable rules governing our appellate practice. However, since our dissenting brother contends that because he can understand the contention of the defendant-appellant he would go to the merits, it is, perhaps, appropriate to point out that, even if we were able to reach the points discussed in the brief, we would, nevertheless, reach the same result.

Plaintiff's theory of the case, during the trial and upon appeal, has been that the defendant breached the duty it owed to the plaintiff to use due diligence to obtain insurance for him or to inform him promptly of its inability to procure such coverage. It is true that he did have an alternative theory of breach of contract; but, when he came to submitting the case to the jury, he did so upon the tortious theory and no recovery was sought for breach of the contract. We are required, therefore, to consider the case as one sounding in tort, not in contract.

The rule governing defendant's duty was set out in *Burroughs v. Bunch,* 210 S.W.2d 211, 214 (Tex.Civ.App.—El Paso 1948, writ ref'd):

"An insurance broker agreeing to obtain insurance owes the legal duty to

obtain same and if he can not do so to notify his principal of failure."

As stated in *Burroughs,* supra, we must bear in mind that we are not considering an action on a contract of insurance, because "[t]he breach of duty alleged was the failure of an insurance broker to use due diligence to obtain a policy." (Id. at 215)

The rule enunciated in *Burroughs,* supra, is in accord with the general rule. See the cases cited in the annotation appearing in 64 *A.L.R.3d* 398, 411–413, "Broker's Failure to Procure Insurance" (1975). In an action somewhat similar to the one under review, the court in *Powell v. Narried,* 463 S.W.2d 43, 45 (Tex.Civ.App.—El Paso 1971, no writ), noted particularly that the "suit is not upon any oral contract of insurance." Instead, having failed to notify the applicant of his inability to procure the insurance sought, the agent breached the duty he owed to his client and his conduct was actionable.

Having established that defendant owed a duty to the plaintiff and breached that duty, we turn to the case of *Montgomery Ward & Co. v. Scharrenbeck,* 146 Tex. 153, 204 S.W.2d 508, 510 (1947), where it was held that even though the relationship between the parties originated in contract, a negligent or faithless failure to discharge a duty arising from the performance of the contract constitutes actionable negligence.

Plaintiff established the breach of duty owed by defendant to plaintiff along with a concealment of the breach until after the loss had occurred. Defendant's liability in tort to plaintiff was established "in good measure, pressed down, shaken together and running over." * The breach was accomplished by outright deceit and dissembling on the part of the defendant and its vice-principals. Indeed, the evidence supporting plaintiff's claim for exemplary damages was so strong that had the jury returned an unfavorable answer, it would have been our duty on appeal to have set it aside.

---

\* The quotation, although apt in this case, is taken out of the context in which it was used in *Burdick v. York Oil Company,* 364 S.W.2d 766,

In *K–Mart No. 4195 v. Judge,* 515 S.W.2d 148, 153–154 (Tex.Civ.App.—Beaumont 1974, writ dism'd), this court had occasion to review the authorities discussing the liability of a corporation to respond in exemplary damages, saying:

"Texas adopted the Restatement of Torts, § 909, setting out the several bases upon which a corporation could be held liable for exemplary damages in the case of *King v. McGuff,* 149 Tex. 432, 234 S.W.2d 403, 405 (1950). In *Fisher v. Carrousel Motor Hotel, Inc.,* 424 S.W.2d 627, 630 (Tex.1967), the Court followed *King* and the *Restatement,* thereby holding the principal liable for exemplary damages in a case where it had been stipulated that the employee involved was the manager of the club and in the course of his employment.

"See also, *International Security Life Insurance Co. v. Finck,* 496 S.W.2d 544, 546 (Tex.1973); *Richter v. Plains National Bank,* 479 S.W.2d 95, 97 (Tex.Civ.App.—Eastland 1972, writ ref'd n. r. e.); *Transport Insurance Company v. Mabra,* 487 S.W.2d 704 (Tex.1972)."

Under the record which we review, plaintiff was entitled to the award of punitive damages. Consequently, the judgment of the trial court is affirmed.

·

STEPHENSON, Justice, dissenting.

I respectfully dissent, and would enter the judgment the trial court should have entered which is to allow plaintiff to recover his actual damages and attorney's fee. No recovery for exemplary damages is recoverable in a breach of contract case. *A. L. Carter Lumber Co. v. Saide,* 140 Tex. 523, 168 S.W.2d 629; and *McDonough v. Zamora,* 338 S.W.2d 507 (Tex.Civ.App.—San Antonio 1960, writ ref'd n. r. e.).

This is a breach of contract case. There are no pleadings of negligent acts or omissions on the part of defendant, no evidence of negligence, and no submission of issues to the jury of any negligent act or omission.

---

770 (Tex.Civ.App.—San Antonio 1963, writ ref'd n. r. e.).

The two issues first submitted to the jury demonstrate clearly the type of cause of action plaintiff was relying upon. The jury was asked first if defendant *agreed* (contract) to procure insurance for plaintiff. Then the jury asked if defendant failed to procure the insurance (breach of contract). Those two issues are not followed by *negligence* or *proximate cause* issues. An issue was submitted asking whether the failure to procure the insurance was in heedless and reckless disregard of plaintiff's rights. Then the jury found actual and exemplary damages. These jury findings establish a cause of action for breach of contract with awards for actual damages and attorney's fees.

Defendant's motion for new trial complains that the trial court erred in submitting the issues on punitive damages because there were no pleadings, no evidence, and insufficient evidence to support such issues.

Defendant's points of error, interpreted in their most liberal light, raise no evidence and insufficient evidence points as to the issues on exemplary damages. See *Tex.R. Civ.P.* 418. This provides in part that a point of error is sufficient if it directs the court to the error relied upon. An unbroken line of authorities follow the rule that the *statement, argument,* and *authorities* will be considered by the appellate court in its determination of the claimed reversible error. *Fambrough v. Wagley,* 140 Tex. 577, 169 S.W.2d 478. See also *Tex.R.Civ.P.* 422.

I find no evidence to support a finding that defendant's failure to procure the insurance was in heedless and reckless disregard of plaintiff's rights under the pleadings, evidence and submission of this case.