## WILL PRESCOTT v. THE STATE.

### No. 4025.    Decided November 11, 1908

**1.—Assault to Murder—Charge of Court—Self-Defense.**

See opinion for charge of court on the law of self-defense which does not limit the right of self-defense to an actual attack.

**2.—Same—Charge of Court—Aggravated Assault—Burden of Proof—Deadly Weapon.**

Where upon trial of assault with intent to murder the evidence showed beyond dispute that the wound inflicted was dangerous and well-nigh mortal; and the court had defined the law of aggravated assault; reasonable doubt and deadly weapon in other portions of his charge, there was no error in another portion of the court's charge to instruct the jury that if they believed beyond a reasonable doubt that defendant assaulted the injured party with a deadly weapon upon some adequate cause, etc., he would be guilty of aggravated assault; as this did not shift the burden of proof but left the issue of deadly weapon etc., to the jury.

**3.—Same—Charge of Court—Provoking Difficulty—Burden of Proof—Self-Defense.**

Where upon trial of assault with intent to murder the court in charging upon provoking the difficulty properly submitted the law applicable to this phase of the case and also upon the subject of self-defense, apparent danger etc., there was no error.

**4.—Same—Charge of Court—Requested Charges.**

Where the main charge of the court covered the issues of the case there was no error in refusing special charges thereon.

Appeal from the District Court of Armstrong.    Tried below before the Hon. J. N. Browning.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The facts of this case appear in the opinion of the court on former appeal, 101 S. W. Rep., 215, as follows:    A summary of the facts show that prosecutor, Reese, had married the divorced wife of appellant.    Appellant had some three or four children by said wife, and they had been living with prosecutor and his wife in the town of Amarillo.    It seems that some difference arose between prosecutor and his · wife, formerly Mrs. Prescott, and they had separated. Prosecutor was at the time living in his own house, which he had rented to a Mrs. Flowers, who boarded appellant and his child. by a former wife, for the rent of the house.    The defendant before, or perhaps the day preceding, the night of the assault upon the prosecutor, Reese, who was a sewing machine agent, had some trouble with his wife, and one, or may be two, of the children; and he is shown to have procured a pistol.    Late that evening the prosecutor returned to his boarding place, put up his team, and after supper went to bed.    He was aroused by noises about the house and got

up, saw nothing, went to bed again, and was aroused by disturbance around the premises. He again got up and put his clothes on, and walked some blocks down the street. On returning, as he passed Mrs. Henry's house, and just as he approached an alley, according to his account, he was halted by four parties; one of them stepped up and asked him if his name was Reese. Prosecutor told him it was, and he said, "I want to see you." Prosecutor asked him what it was, and he stepped back to where the others were, and said: "You were abusing Prescott's boy." Appellant said, "No; that he would explain." At this the party whom he designated as Groves threw his arms around him, holding him fast, and appellant ran up, and began cutting him with a knife. Prosecutor screamed "Murder!" and the parties turned him loose, and he immediately ran, hallooing "Murder!" into Mrs. Henry's house. This occurred about 10 o'clock at night. The physician who examined the wounds said they were very severe and came near proving fatal.

The testimony of appellant shows that he and his companions, including Groves, his son Alsie, and one Barnhill, were on their way to accompany Alsie to his sleeping quarters, as he had some trouble with the prosecutor that day, and he seemed to be afraid; that as they were walking along the sidewalk, and had passed Mrs. Henry's, they noticed some party coming up the street. They passed on the outside of a lady who was standing at Mrs. Henry's gate. This party passed between the lady and the gate. After they had gone a little piece beyond this point, this party circled around and came up in front of them. As he came up, appellant said to Groves, "That looks like Reese," and Groves grabbed appellant by the left shoulder and said, "If it is, he is not looking for anything good," and then Groves said, "What is your name?" and he said, "Reese;" and Groves said, "Are you the man who has been abusing Prescott's boy, and threatened to knock his brains out, this evening?" and he said, "If you are, I would be ashamed." And this man said, "No, sir; I will tell you about it;" and as he said that, he stepped back and pulled a gun. Groves said, "Look out, Bill; he has got a gun." At this appellant went in on him and knocked his arm up with his left, and pulled his knife and began cutting on him until he dropped what he had in his hand, and he then quit. This is a sufficient statement of the case to present appellant's assignments.

*L. C. Barrett, J. M. Jones, Geo. Wharton* and *J. S. Stallings,* for appellant.—On question of court's charge on aggravated assault: Terrell v. State, 53 Texas Crim. Rep., 604; 111 S. W. Rep., 152; Huddleston v. State, 112 S. W. Rep., 64; Johnson v. State, 15 S. W. Rep., 647. On question of court's charge on self-defense: Gonzales v. State, 28 Texas Crim. App., 130; 12 S. W. Rep., 733; Phipps v. State, 34 Texas Crim. Rep., 608; Tillery v. State, 24

Texas Crim. Rep., 251; Jordan v. State, 11 Texas Crim. Rep., 435; Miller v. State, 31 Texas Crim. Rep., 609; 21 S. W. Rep., 925; Patillo v. State, 22 Crim. App., 586; Carter v. State, 37 Texas Crim. Rep., 403; 35 S. W. Rep., 378; Watson v. State, 50 Texas Crim. Rep., 171; 95 S. W. Rep., 115; Cheek v. State, 4 Texas Crim. App., 444. On charge on deadly weapon: Parks v. State, 29 Texas Crim. Rep., 597; 15 S. W. Rep., 174; Howard v. State, 30 Texas Crim. App., 680; 18 S. W. Rep., 790. On question of charge of provoking difficulty: Watson v. State, 50 Texas Crim. Rep., 171; 95 S. W. Rep., 115; Thompson v. State, 24 Texas Crim. App., 383; Boyd v. State, 28 Texas Crim. App., 137.

*F. J. McCord,* Assistant Attorney-General, for the State.—On question of court's charge, cited case in opinion.

RAMSEY, JUDGE.—Appellant was indicted in the District Court of Potter County on a charge of assault with intent to murder. The trial from which this appeal results was had in Armstrong County where the case was sent on change of venue on application of appellant. The case has twice been before this court and the facts will appear with a reasonable fullness in the earlier opinions of the court in this case, as found in 101 S. W. Rep., 192, and 105 S. W. Rep., 215. On this trial appellant was found guilty of assault with intent to murder and his punishment assessed at confinement in the penitentiary for two years. Appellant assigns a number of errors on which a reversal is sought.

1. Among other things complaint is made of the charge of the court on the issue of self-defense and the claim is made the court's charge limits the right of self-defense to an actual attack made upon him by the prosecuting witness, W. H. Reese. We think the charge of the court, taken altogether, is not subject to this complaint. On the law of self-defense, the court instructed the jury as follows: "Upon the law of self-defense, you are instructed that if from the acts of the said W. H. Reese, or from his words coupled with his acts, there was created in the mind of defendant a reasonable apprehension that he (the defendant) was in danger of losing his life, or of suffering serious bodily injury at the hands of the said W. H. Reese, then the defendant had the right to defend himself from such danger or apparent danger, as it reasonably appeared to him at the time, viewed from his standpoint. And a party so unlawfully attacked, is not bound to retreat in order to avoid the necessity of killing his assailant. If you believe that the defendant committed the assault as a means of defense, believing at the time he did so (if he did so) that he was in danger of losing his life, or of serious bodily injury at the hands of said W. H. Reese then you will acquit the defendant." We think that the charge of the court taken altogether is not subject to any serious objec-

tion but substantially charges the law as applied to the facts of the case.

2. Again, complaint is made of the eighth paragraph of the court's charge. This paragraph is as follows: "If you believe from the evidence beyond a reasonable doubt, that the defendant in the county of Potter, and State of Texas, on or about the time charged in the indictment, with a deadly weapon, to wit: a knife, did unlawfully assault the said W. H. Reese, as charged, but at the time of making such assault, the defendant was by some adequate cause (as hereafter explained) moved to such a degree of anger, rage, sudden resentment or terror as to render him for the time, incapable of cool reflection, and in such a state of mind he committed said assault, and that such assault was not in defense of himself against an unlawful attack producing a reasonable expectation or fear of death or serious bodily injury, then you will find the defendant guilty of an aggravated assault, and assess his punishment at a fine not less than twenty-five, nor more than one thousand dollars, or by imprisonment in the county jail not less than one month, nor more than two years, or by such fine and imprisonment, as you may determine and state in your verdict." In respect to this paragraph of the court's charge, two complaints are made. First, it is contended that this charge threw upon appellant the burden of proof to show the facts which would reduce the assault, if unlawful, to the grade of aggravated assault. Again, it is claimed and contended that the effect of the court's charge is to instruct the jury in terms that the weapon, the knife, with which the assault was made was in fact, as in law, a deadly weapon. We do not believe that either of these contentions can be sustained. In paragraph six of the court's charge, preceding that complained of, the court had submitted very clearly the issue of assault with intent to murder and grouped the facts necessary to be proven in order to sustain a verdict of such offense. In the seventh paragraph of the court's charge the following instruction is given: "If you believe from the evidence, that the defendant is guilty of an assault, but have a reasonable doubt as to whether such assault was upon malice aforethought, with intent to murder (as hereinbefore explained to you), then you will acquit him of that offense, and next consider whether he is guilty of an aggravated assault, or whether he was justified in his action." In addition to this the court gave a general instruction to the effect, in substance, that the defendant was presumed to be innocent until his guilt was established by legal evidence beyond a reasonable doubt and that in case the jury should have a reasonable doubt as to his guilt, they would acquit him. Nor, do we think the charge complained of is subject to the criticism that it instructed the jury as a matter of law that the knife used was a deadly weapon. The court in the third paragraph of his charge to the jury had thus instructed them: "An assault

becomes aggravated when committed with a deadly weapon. A deadly weapon is one which, from the manner used, is calculated or likely to produce death or serious bodily injury." Construed in the light of this instruction the statement of the court complained of, did not undertake, nor have the effect to declare, as a matter of law, that the knife used was a deadly weapon, but merely stated the kind of weapon and left it to be found as a fact as to whether it was in truth a deadly weapon as that term is used in the law. Nor, do we believe in any event, that appellant is in a situation to complain, if it be conceded that the court in terms told the jury that the knife was such an instrument as from the manner of its use was likely to produce death or serious bodily injury. The evidence shows, beyond doubt, or controversy, indeed, as admitted, that the appellant struck and wounded prosecuting witness Reese with a knife. The evidence is beyond dispute that the wounds of which there were several, were both dangerous and well nigh mortal. Logan v. State, 40 Texas Crim. Rep., 85; 53 S. W. Rep., 694.

3. Complaint is also made of the charge of the court in respect to the issue of provoking the difficulty and the claim is made in respect to this portion of the court's charge that it shifts the burden of proof on the appellant. We do not think, considering the charge of the court altogether that this contention can be sustained. The charge of the court complained of is as follows: "I further charge you that if you believe from the evidence, beyond a reasonable doubt, that the defendant sought the meeting with the said W. H. Reese for the purpose of slaying the said Reese, and having found him, did some act or used some language, or did both, with intent to produce the occasion and bring on the difficulty, and that the same under the circumstances, was or were reasonably calculated to provoke a difficulty, and on such account the said W. H. Reese attacked him, and he then attempted to slay said Reese in pursuance of his original design, then the defendant can not justify on the ground of self-defense, but such attack, on defendant's part, would be an assault with intent to murder, provided, if said Reese had been killed under such circumstances, it would have been murder, of either the first or second degree; but if defendant had no such purpose in seeking the fatal meeting, or having had the meeting, did no act reasonably calculated to provoke the difficulty, and was attacked by the said W. H. Reese, then his right of self-defense would not be forfeited, and he could stand his ground and defend himself by the use of such means of defense as the facts and circumstances indicated to be necessary to protect himself from danger, or what reasonably appeared to him at the time to be danger, viewed from his standpoint." Nor is this charge subject to the objection that it is limited in its application of the law of self-defense, to an actual attack since it expressly includes conditions

of apparent danger and that as viewed from the standpoint of appellant.

4. We have carefully considered the several special charges requested by appellant and they seem to us, so far as applicable, to have been covered by the general charge of the court and we do not believe there was any error in refusing same.

We have carefully examined the statement of facts and believe that the testimony fully supports the verdict of conviction rendered in the case, and that there is no reason why we should interfere or intervene. It is, therefore, ordered that the judgment of the court below be and the same is hereby in all things affirmed.

*Affirmed.*