## John Lewellen v. The State.

### No. 10150.   Delivered May 12, 1926.

### Rehearing granted June 25, 1926.

**1.—Murder—Charge of Court—On Provoking the Difficulty—Supported by the Evidence.**

Where, on a trial for murder, appellant complains of the court's charge, in submitting the law of provoking a difficulty, we believe that the issue was presented by the evidence, and there was no error in giving the law in the charge.   This contention of appellant was decided against him upon the former appeal, and also in the case of Joyce v. State, a companion case reported in the 90 Tex. Crim. Rep. 265.

**2.—Same—Charge of Court—On Provoking the Difficulty—Not Reversible Error.**

Appellant complains of the charge of the court on provoking a difficulty, and while we agree with him that the language used by the court in submitting this issue was not as clear' and comprehensive as it should have been, we do not think that its defects were such as would warrant a reversal of the case, under Art. 666 of our Penal Code of 1925. For an appropriate charge on provoking the difficulty see Stacy v. State, 86 S. W. 514, and other cases cited in opinion.

**3.—Same—Charge of Court—Entire Charge Considered—Rule Stated.**

While it is true that one or two paragraphs in a charge may be subject to criticism when viewed alone, the entire charge is considered by us when passing upon its sufficiency, and we are not authorized to reverse a case by reason of inaccuracies in a part of the charge, if, when considered as a whole it fairly and comprehensively presents the law raised by the evidence, and the inaccuracies present are not such as are calculated to deprive the appellant of a fair trial.

**4.—Same—Continued.**

And so the use of the court of the words "unlawful" and "unlawful attack" in his charge on self-defense were inappropriate, but when viewed in the light of the charge in its entirety, we cannot say that the jury was misled by the use of these words, nor that the injury done him, if any, by their use, should cause a reversal of the case.

#### ON REHEARING.

**5.—Same—Charge of Court—On Provoking the Difficulty—Rule Stated**

Where the issue of self-defense is raised, a charge on provoking the difficulty, is a limitation on the right of self-defense, and not only should the jury be told that they must believe that the defendant with the intent to bring on a difficulty, and cause the deceased to make an attack on him which he might use as a pretext for killing or injuring the deceased, did or said things reasonably calculated to accomplish that object, and they must also be told that they must believe further that a difficulty was caused, or an attack brought on, by such words or conduct of the accused.

**6.—Same—Converse of Proposition.**

Where the law of provoking the difficulty is submitted in the court's

charge, it is always necessary to submit the converse, directing the **mind** of the jury to those facts in evidence relied upon by the state as a provocation, and instructing them that if they have reasonable doubt as to the existence of such facts that then the accused's right of self-defense would be perfect. Believing that the court's charge in the instant case fails to measure up to the requirements of our laws in this respect, and that the error may have materially injured the rights of the accused, the cause is now on rehearing reversed and remanded.

Appeal from the District Court of Bell County. Tried below before the Hon. Lewis H. Jones, Judge.

Appeal from a conviction of murder, penalty twenty-five years in the penitentiary.

This is the second appeal of the case. The first appeal is reported in the 90 Tex. Crim. Rep. 588, 236 S. W. 987, in which the statement of the case is fully set out.

*DeWitt Bowmer* and *W. W. Hair* of Temple and *J. Frank Taulbec* of Georgetown, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Bell County for murder, and his punishment assessed at twenty-five years in the penitentiary.

This is the second appeal to this court. The first will be found in 90 Tex. Crim. Rep. 588, 236 S. W. 987. In the former appeal, the statement of the case is fully set out and we deem it unnecessary to reiterate the facts on this appeal.

In bill No. 1 complaint is made to the court charging the jury on provoking the difficulty, the objection being to the effect that the evidence did not raise this issue. This contention was decided against the appellant by this court upon the former appeal, and also in the case of Joyce v. State, a companion case, 90 Tex. Crim. Rep. 265, 234 S. W. 896. The appellant also complains in said bill to the effect that if the court was right in charging on provoking the difficulty, he erred in charging the jury therein to the effect that, "If you believe from the evidence beyond a reasonable doubt that defendant went back into the restaurant, where the deceased was killed, and by his own wrongful act (if any there was) brought about the necessity of killing the deceased, and that the defendant *provoked a difficulty* with the deceased, with the wrongful and wilful intent," etc., instead of charging the jury

that if they believed beyond a reasonable doubt that the acts or words, or both, of the appellant caused the deceased to attack the defendant, etc., then the right of self-defense would not avail. In support of this contention the appellant cites Stacy v. State, 86 S. W. 327; Smith v. State, 87 .S. W. 151; Burkhardt v. State, 202 S. W. 514; Cotton v. State, 240 S. W. 919. We are of the opinion that the authorities cited announce the proper principles of law, and that the opinion of this court in the case of Mason v. State, 88 Tex. Crim. Rep. 645, fully sets out in detail the three requisites for the trial court to charge on provoking a difficulty. However, the difficulty we find in appellant's contention is not what the law is on the subject, but whether or not the court's charge on this point was sufficient to meet the requirements of the law on this issue. The trial court was evidently attempting to follow the authorities cited by the appellant and the Mason case, supra, and the charge, on the point criticized, that "the defendant provoked a difficulty with the deceased," etc., was equivalent to charging that the conduct, words, or acts must have caused the attack. Even if said charge, as quoted, was error, we do not think it was of such a prejudicial nature as to cause a reversal of this case, under Art. 666, 1925 C. C. P. (Art. 743 of the old code), which prohibits this court from reversing a judgment of the lower court on his charge unless same is calculated to injure the rights of the appellant or show that he had not had a fair and impartial trial.

The appellant also criticizes that portion of the charge on the converse of provoking the difficulty, contending that the court did not affirmatively charge the jury on this issue, but did so negatively. The court charged the jury, in effect, that if they failed to find from the evidence beyond a reasonable doubt that the defendant provoked the difficulty with the deceased, under the circumstances above stated, then the defendant's right of self defense would in no way be limited. While this charge is brief, and does not repeat the circumstances and the issues as set out in the charge relative to provoking the difficulty, we think the reference thereto is equivalent to restating them in this portion of the charge. At any rate, we think that the objection raised is insufficient to call for a reversal of the case, under the statute, supra.

The appellant also complains at and criticizes the court's charge on manslaughter and murder, found in paragraphs 7

and 11 of said charge. We are of the opinion that the charge, taken as a whole, is not susceptible to the criticism urged.

Complaint is also urged to the charge of the court, paragraphs 7 and 11 thereof, in which the court, in effect, charged the jury, in submitting these issues of the law, that if same was not in defense of himself against an *unlawful* attack producing a reasonable expectation, etc., the defendant contending that it was error to use the word "unlawful," as the appellant had a right to defend himself against any attack upon the part of the deceased, and the jury was likely to be misled by what the court meant by unlawful, and that the court, at least, should have defined to the jury what was meant by unlawful and unlawful attack. We think this charge is not free from the criticism urged, but that it is not of sufficient importance to require a reversal of the case, and that, taken as a whole, the jury was not misled by the use of the language employed by the trial judge.

Complaint is urged in bill No. 2 to the action of the court in permitting the witness Bond to testify, over appellant's objection, that by placing a ruler in one of the depressions made in the wall of the building by the bullet, it would point in a certain direction. Appellant contends that same was prejudicial and inadmissible, and was permitting the witness to give his opinion about a matter which did not require any expert testimony. We are of the opinion that the objection goes more to the weight of the testimony than to the admissibility of same, and that the court committed no error in admitting same.

After a careful examination of the entire record, we are of the opinion that there is no reversible error shown, and that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion by the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The trial court gave the following charge on provoking the difficulty:

"You are further instructed on the issue of self-defense in this case that if you believe from the evidence in this case,

beyond a reasonable doubt, that the defendant went back into the restaurant the second time where the deceased was killed, and by his own wrongful act (if any there was) brought about the necessity of killing the deceased, and that the defendant provoked a difficulty with the deceased, with the wrongful and wilful intent to take the life of the deceased, or to inflict upon him serious bodily injury, and you further find that the defendant knowingly and wilfully and with the specific intent to kill the deceased and with a view thereto used towards deceased language or did acts, or did both for the purpose of causing deceased to attack defendant, that he might have a pretext to kill him or inflict upon deceased serious bodily injury and you further find such language, or conduct or acts on the part of the defendant (if any there was) was reasonably calculated to bring on the difficulty and cause the deceased to attack the defendant, and you further find from the evidence, beyond a reasonable doubt, that the defendant in pursuance of a wrongful, wilful, and previously formed design to provoke a difficulty with deceased for the purpose and with the intention of killing him, or inflicting upon him serious bodily injury, and you further find from the evidence beyond a reasonable doubt that intentionally and with a view thereto the defendant shot with a pistol the deceased and thereby killed deceased, then you are instructed that the defendant's plea of self-defense will not avail him in this case, and if you find from the evidence beyond a reasonable doubt, the homicide would be murder under the law."

This was excepted to for various reasons. As we understand the authorities on the subject of provoking a difficulty, where the right of self-defense is limited by a charge presenting this theory, the jury should be told not only that they must believe that the accused, with intent to bring on the difficulty or cause an attack which he might use as a pretext for killing or injuring the deceased, did or said things reasonably calculated to accomplish that object—but such charge in some way should tell the jury that they must believe further that a difficulty was caused or an attack brought on by. such words or conduct of the accused. We fail to find anywhere in this charge such instruction. The expression "and that the defendant provoked a difficulty with the deceased" is not deemed sufficient to make clear to the lay-mind at least that the acts and conduct of the accused relied upon must have actually caused a demonstration or an attack by deceased or brought

on the difficulty, and the coupling with the expression just quoted the reference to the defendant's going back into the restaurant a second time and by his own wrongful act bringing about the necessity of killing deceased—could easily have left the jury under the belief that the going back into the restaurant the second time might be taken as a wrongful act on the part of appellant. The further expression in said charge, "and you further find from the evidence beyond a reasonable doubt that intentionally and with a view thereto the defendant shot with a pistol the deceased and thereby killed deceased, then you are instructed that the defendant's plea of self-defense will not avail him," is of such confusing import and connection as to lead us to believe it must reflect some error in the transcription, for, if correctly set out in the transcript, this statement would appear most hurtful to the rights of appellant.

Nor do we think the court affirmatively gave the converse of the charge on provoking the difficulty, as was his duty following the submission of that theory of the case. To merely tell the jury that if they do not find beyond a reasonable doubt that appellant provoked the difficulty, his right of self-defense would not be limited—would hardly be a sufficient affirmative presentation of such converse. The jury should have been told that unless they believed beyond a reasonable doubt that the accused at the time or reasonably near the time of such homicide, did deeds or said words reasonably calculated to bring on a difficulty or cause deceased to make an attack upon him; and even though they so believed, yet unless they further believed that such words and acts, if any were said and done, were with intent on the part of the accused to thereby bring on such difficulty or cause such attack; and that they further believed that such acts and words of the accused did in fact cause the difficulty or bring on the attack, then that such conduct on the part of appellant would not deprive him of his right of self-defense. We are not intending to lay this down as a form of charge necessarily to be followed, but merely as indicating our view that those matters stated in the charge on provoking the difficulty as affirmatively indicating the purpose and intent of the accused to bring on the difficulty, should be referred to in the charge on the converse, and the matters affirmatively presented be there expressly negatived.

Believing that the charge in this case is wrong, and that the error is of such nature as that it may have materially injured the rights of the accused, and that we erred in not so holding

in the original opinion, the motion for rehearing will be granted, the judgment of affirmance set aside, and the judgment now reversed and the cause remanded.

*Reversed and remanded.*