Joe Riley DIRCK, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 54370.

Court of Criminal Appeals of Texas,
Panel No. 3.

May 17, 1978.

On Rehearing April 18, 1979.

Warren E. Hancock, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Henry K. Oncken, Asst. Dist. Attys., Houston, for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated assault. Appellant was found guilty of this offense as a lesser included offense on an indictment charging murder with malice. Punishment was assessed by the jury at a $1,000 fine and two years in jail.

In his first six grounds of error appellant contends error was committed in the instructions to the jury. Objections were dictated to the court reporter and included in the transcribed court reporter's notes in this record, along with the testimony, jury arguments, and other trial proceedings. The transcribed court reporter's notes of the objections were not endorsed with the Court's ruling and official signature.

Article 36.14, V.A.C.C.P., governs the procedure for making objections to the court's charge and presenting them on appeal. It has long required that such objections be in writing. In 1975 it was amended by adding this sentence:

"The requirement that the objections to the court's charge be in writing will be complied with if the objections are dictated to the court reporter in the presence of and with the consent of the court, before the reading of the court's charge to the jury, and are subsequently transcribed, *endorsed with the court's ruling and official signature*, and filed with the clerk in time to be included in the transcript." (Emphasis added.)

Appellant failed to comply with the mandatory provisions of the statute in presenting his objections for the appellate record.[1] It is not sufficient just to secure permission of the court and dictate to the court reporter objections to the charge. The subsequent steps under the quoted provision must also be followed. That was not done here. The objections present nothing for review.

In his remaining ground of error appellant contends the trial court erroneously excluded the testimony of a defense witness. The rule had been invoked (Art. 36.-03, V.A.C.C.P.) and one of appellant's witnesses was present during some of the testimony. When the witness was called to testify, the State objected for violation of the rule, and the court sustained the objection. Appellant made his bill of exception showing what the testimony would have been. The witness would have testified to events occurring in Missouri some time before the offense, which was committed in Houston. The materiality of the excluded testimony was tangential at best.

The matter of enforcement of the rule lies in the sound discretion of the trial court. Art. 36.04, V.A.C.C.P.; *Barnes v. State*, Tex.Cr.App., 520 S.W.2d 401; *Marshburn v. State*, Tex.Cr.App., 491 S.W.2d 663; *Smith v. State*, Tex.Cr.App., 472 S.W.2d 121. No abuse of discretion is shown here and the ground of error is overruled.

The judgment is affirmed.

Before the Court en banc.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Presiding Judge.

The panel opinion on original submission refused to consider appellant's objections to

---

1. Cf. *Barber v. Corpus Christi Bank & Trust*, 506 S.W.2d 254 (Tex.Civ.App., Corpus Christi —1974), in which a similar requirement under the Texas Rules of Civil Procedure was not met.

the court's charge at the guilt stage of the trial because his counsel had orally dictated the objections to the court reporter and that he did not subsequently have the same transcribed "and endorsed with the court's ruling and official signature, and filed with the clerk in time to be included in the transcript" in accordance with the 1975 amendment to Article 36.14, V.A.C.C.P. The holding is in accord with the opinion on original submission in *Jewell v. State* (Tex. Cr.App.1979) (# 58,315 # 58,321, 11/-29/78),[1] but in conflict with the panel opinions in *Walton v. State,* 575 S.W.2d 25 (Tex.Cr.App.1978), and *Frazier v. State,* 576 S.W.2d 617 (Tex.Cr.App.1978). This necessitates considering the question here presented en banc on rehearing.

█ Appellant urges on rehearing that his counsel orally dictated the objections to the court reporter with the consent of the trial court, and in its presence, that the court ruled on such objections at the time prior to the reading of the charge ·to the jury, that the objections and the court's rulings thereafter were transcribed and made a part of the transcription of the court reporter's notes which were filed with the clerk of the trial court, and the entire record was later approved, without objections from either party, with the official signature of the trial judge.

Appellant argues that there was substantial compliance with the 1975 amendment to Article 36.14, supra,[2] that the trial judge was not misled or "sandbagged," and that the objections to the charge are clearly before this court and understandable.[3]

Perhaps a look at the history of Article 36.14, V.A.C.C.P., might prove interesting in light of the question presented.

Article 36.14, V.A.C.C.P., came into being as part of the revision of the Code of Criminal Procedure in 1965 (Acts 1965, 59th Leg., Vol. 2, p. 317, ch. 722). It was a restatement of former Article 658, V.A.C.C.P., 1925, which required the objections to the court's charge to be in writing and presented to the court prior to the reading of the charge to the jury. As a result of the past decisions of this court that a defendant must except to the overruling of his objections to the charge in order to preserve error, two sentences were added at the end of the former statute in the revision. Article 36.14, supra, as enacted in 1965, read as follows:

"Subject to the provisions of Article 36.07 in each felony case and in each misdemeanor case tried in a court of record, the judge shall, before the argument begins, deliver to the jury, except in pleas of guilty, where a jury has been waived, a written charge distinctly setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury. Before said charge is read to the jury, the defendant or his counsel shall have a reasonable time to examine the same and he shall present his objections thereto in writing, distinctly specifying each ground of objection. Said objections may embody errors claimed to have been committed in the charge, as well as errors claimed to have been committed by omissions therefrom or in failing to charge upon issues arising from the facts, and in no event shall it be necessary for the defendant or his counsel to present special requested charges to preserve or maintain any error assigned to the charge, as herein provided. *Compliance with the provisions of this Article is all that is necessary to preserve, for review, the exceptions and objections presented to the charge and any amendment or modification thereof. In no event shall it be necessary for the defend-*

---

1. On original submission *Jewell* was reversed, but on rehearing the State's motion was granted and the judgment affirmed.

2. See the majority's interpretation of Article 26.13, V.A.C.C.P., both before and after its recent amendments.

3. See and cf. Article 40.09, § 9, V.A.C.C.P.

ant to except to the action of the court in over-ruling defendant's exceptions or objections to the charge." (Emphasis supplied.)

As noted in the Special Commentary to said Article 36.14, the requirements of the statute should be compared with the provisions of Article 40.09, § 4, V.A.C.C.P., 1965, that the court reporter shall take shorthand notes of all trial proceedings, including objections to the charge, and that such notes certified to by the reporter and included in the record shall establish the occurrence and existence of all objections and exceptions to the court's action and refusals of the court to act and other events thereby shown, and no further proof of the occurrence or the existence of the same shall be necessary on appeal.

However, in *Smith v. State*, 415 S.W.2d 206 (Tex.Cr.App.1967), this court (without reasoning) held that the requirements of said Article 36.14 would control over the provisions of Article 40.09, § 4, supra. In *Seefurth v. State*, 422 S.W.2d 931 (Tex.Cr. App.1967), the court in reviewing said Article 36.14 and its predecessors noted the statute was mandatory and that there must be strict compliance with its provisions, and observed that the real purpose of the statute was to enable the trial judge to know in what respect the defendant regarded the charge defective and to afford him an opportunity to correct it before reading the charge to the jury. The trial judge should not be "sandbagged" resulting in unnecessary reversals.

Under the former 1925 Code of Criminal Procedure, juries in felony cases were not permitted to separate after they had been sworn and impaneled until they had returned a verdict "unless by permission of the court, with the consent of the attorney representing the State and the defendant, and in charge of an officer." Article 668, V.A.C.C.P., 1925.

In light of the requirement that objections to the charge be in writing, much time was consumed while the jury remained sequestered. This was so because the attorneys frequently would request time to repair to their offices to prepare and reduce to writing their objections in order to comply with the statute. The time consumed often resulted in night sessions or delay of the trial until the next day with the jurors being sequestered for another entire night at taxpayers' expense and the jurors' inconvenience. As a result, a common practice arose: In order to conserve time, the trial judge would urge the attorneys to orally dictate their objections to the court reporter in his presence and the other counsel and he would rule on them and would assure the attorneys that the objections could later be transcribed by the court reporter and could then be filed and back-dated by the clerk to show compliance with the statute.[4]

The practical effect of such procedure was the defense counsel would frequently forget to have their dictated objections transcribed and as a result their objections would not be considered on appeal.

The rules as to the separation of the jury were greatly liberalized by the 1965 Code of Criminal Procedure, see Article 35.23, V.A. C.C.P., but nevertheless, the practice of oral dictations to the court reporter, perhaps as a convenience to all concerned, remained a common practice and still those objections were not considered on appeal.

Many lawyers appearing before this court complained in oral argument that they had been misled in orally dictating their objections to the court reporter and requested this court to consider objections to the charge although not in compliance with Article 36.14, supra. Orally during argument and in written opinions this court has repeatedly told the attorneys that the problem was a legislative problem, not a judicial one, as this court generally has no rule-making authority with regard to criminal procedure.

---

4. There may well be some question whether the court could legally instruct the clerk to do this. See *Gonzalez v. State*, 164 Tex.Cr.R. 64, 297 S.W.2d 144 (1956); *Ortiz v. State*, 121 Tex. Cr.R. 438, 53 S.W.2d 58 (1932).

As a result of this continuing problem, Article 36.14, supra, was amended in 1975 by adding this sentence:

"The requirement that the objections to the court's charge be in writing will be complied with if the objections are dictated to the court reporter in the presence of and with the consent of the court, before the reading of the court's charge to the jury, and are subsequently transcribed, endorsed with the court's ruling and official signature, and filed with the clerk in time to be included in the transcript." (Acts 1975, 64th Leg., p. 617, ch. 253, § 1, effective September 1, 1975.)

The State argues in its brief that the sentence added to Article 36.14, supra, in 1975 was lifted intact from Rule 272, Texas Rules of Civil Procedure, in effect at the time of the enactment of the new amendment. The State cites *Barber v. Corpus Christi Bank and Trust*, 506 S.W.2d 254, 257 (Tex.Civ.App.1974), which held that where the objections were orally dictated objections to the submission of a special issue but the record did not reveal that the transcribed objections were ever presented to the trial judge so that he could endorse his ruling and official signature thereon as required by Rule 272, supra, the objections could not be considered. We find no Texas Supreme Court decision on the matter.

It is noted that Rule 272, Texas Rules of Civil Procedure, has been amended by the Texas Supreme Court, effective January 1, 1976, and now reads:

"The charge shall be in writing, signed by the judge, and filed with the clerk, and shall be a part of the record of the cause. It shall be submitted to the respective parties or their attorneys for their inspection, and a reasonable time given them in which to examine and present objections thereto, which objections shall in every instance be presented to the court in writing, or be dictated to the court reporter in the presence of the court and opposing counsel, before the charge is read to the jury. All objections not so presented shall be considered as waived. The judge shall announce his rulings thereon before reading the charge to the jury and shall endorse his rulings on the objections if written or dictate same to the court reporter in the presence of counsel. Objections to the charge and the court's rulings thereon may be included as a part of any transcript or statement of facts on appeal and, when so included in either, shall constitute a sufficient bill of exception to the rulings of the court thereon. It shall be presumed, unless otherwise noted in the record, that the party making such objections presented the same at the proper time and excepted to the ruling thereon."

Thus, we are confronted with the question of whether we should interpret the 1975 amendment to Article 36.14, supra, in light of *Barber v. Corpus Christi Bank and Trust*, supra, or observe that there was a substantial compliance with said amendment to Article 36.14, V.A.C.C.P., in the spirit if not the letter of the law under the particular facts of the instant case.

Here the appellant's counsel, with the consent of the court, orally dictated his objections to the charge to the court reporter and obtained rulings from the court. The same was subsequently included in the transcription of the court reporter's notes filed with the clerk, and approved by the trial judge with official signature without any objection to the record.

Reading the 1975 amendment to Article 36.14, supra, together with Article 40.09, § 4, supra, which is still on "the books" providing that the court reporters shall take notes of all trial proceedings, including objections to the charge, and that such notes certified to by the reporter and included in the record shall establish the occurrence and existence of all objections and exceptions to the court's action and refusals of the court to act and other events shown "and no further proof of the occurrence or the existence of same shall be necessary on appeal." We hold that the objections to the charge in the instant case were properly preserved. To the extent of any conflict, *Smith v. State*, supra, is overruled.

Having determined that the objections were properly made, we now turn to appellant's grounds of error.

■ First, he contends the court erred in charging on provoking the difficulty, a limitation on his defense of self-defense, in light of the evidence produced. His objection that the evidence was "insufficient" to so charge is in the record before us. If not called for by the facts, a charge on provoking the difficulty constitutes an unwarranted limitation of the right of self-defense. 29 Tex.Jur.2d, Homicide, § 327, p. 635, and cases there cited. It is also well settled that a charge on provoking the difficulty should not be given where the only question for determination is who made the first attack. *Howle v. State*, 119 Tex.Cr.R. 17, 43 S.W.2d 594 (1931); *Dugan v. State*, 86 Tex.Cr.R. 130, 216 S.W. 161 (1919).

■ Appellant contends that in his case this was the only question for determination and that the court should not have charged on provoking the difficulty. The appellant was charged with shooting and killing Edward Barnett Cox, Sr. It appears the appellant was informed by his wife, from whom he was separated, that she had been abducted and taken to Kansas City by the deceased. Without going into all the details, the testimony of the State's witnesses shows the first assault or attack was made by the appellant. The defense testimony on the other hand reflects that the appellant was attacked by both the deceased and his son before he fired the first shot. Thus, there was a clear conflict in the testimony as to whom made the first attack. In *Dugan v. State*, supra, it was stated that the issue of provoking the difficulty does not arise from the evidence which is merely conflicting as to who made the first attack. We agree that the charge on provoking the difficulty should not have been given under the evidence produced.

■ Even if we be wrong in our above evaluation of the evidence, we observe that appellant also contends that even if a charge on provoking the difficulty was proper, under the circumstances, the court erred in failing to charge on all the elements of provoking the difficulty. The elements of provoking the difficulty—intent to provoke and an act or words, or both, calculated to provoke—are still required under the 1974 Penal Code. Appellant urges that while the court charged on the element of intent it failed to require the jury to find that there was an act by the appellant done with the intent to bring on the difficulty and which was reasonably calculated to bring on the difficulty and actually did bring on the difficulty. The appellant relies upon *Sorrell v. State*, 74 Tex.Cr.R. 505, 169 S.W. 299, 306 (1914); *Mason v. State*, 88 Tex.Cr.R. 642, 228 S.W. 952 (1921); *Lewellen v. State*, 104 Tex.Cr.R. 550, 286 S.W. 224 (1926). We agree.

■ The State candidly admits that the charge was erroneous, but claims a patent clerical error despite the objection to the charge on this ground. Here again, even if this was not reversible error, we note that the appellant claims error also in the charge as the converse of the proposition of provoking the difficulty to which he also directed an objection. It is well settled that where the court instructs the jury on the effect of provoking a difficulty it should also instruct on the converse of the proposition and the instructions on the converse should be given from the defendant's viewpoint untrammeled by any extra burden or insinuation. 29 Tex.Jur.2d, Homicide, § 328, p. 637; *Sorrell v. State*, supra; *Smith v. State*, 411 S.W.2d 548 (Tex.Cr.App.1967).

■ The court in charging the converse stated, "But if the defendant had no such purpose in seeking the aforesaid meeting, if he did, and did no act reasonably calculated to provoke the deceased to attack him then his right of self defense would not be forfeited." [5]

5. While it is proper to charge on provoking the difficulty where raised by the evidence, *Garcia v. State*, 522 S.W.2d 203, 206 (Tex.Cr.App. 1975), and cases there cited, every trial judge of any experience knows that submitting such a charge to a jury is fraught with difficulty and the chance of error is great. If the charge is to be given, care and caution must be taken to

The appellant objected to such charge and called attention to the fact that in submitting the charge the court did not require the reasonable doubt standard. While the charge was an attempt to instruct on the converse of provoking the difficulty, it did not instruct the jurors that if they had a reasonable doubt of whether appellant had the requisite intent or did the requisite act reasonably calculated to provoke the deceased to attack him, etc., the right of self-defense should not be forfeited.· We conclude that the objection was sufficient to call the court's attention to the error in its omission in the charge.

For the reasons stated, the judgment is reversed and remanded.

ODOM, J., concurs in this result.

W. C. DAVIS, Judge, dissenting.

I am in agreement with the majority holding that appellant's objections to the court's charge, dictated to the court reporter, are reviewable on appeal. *Walton v. State*, 575 S.W.2d 25 (Tex.Cr.App.1978); Art. 36.14, Vernon's Ann.C.C.P. However, I must take a path separate from the majority on the issue of provoking difficulties. The majority finds "several" reversible grounds connected with the charge of the trial court on provoking difficulties. Much of this reasoning is not necessary to the disposition given this cause by the majority and therefore is clearly dicta. Nevertheless, I will respond to all of the "several" reversible grounds discussed by the majority.

The majority holds that the trial court committed error in giving a charge on provoking difficulties. Such a charge should not have been given because the record shows "only a conflict as to who made the first attack." [1] *Jones v. State*, 149 Tex.

Cr.R. 119, 192 S.W.2d 155 (1946). *Howle v. State*, 119 Tex.Cr.R. 17, 43 S.W.2d 594 (1931). The appellant argues that he was attacked by deceased and deceased's son while the State's evidence shows appellant to be the attacker; however, the record does not reflect such a simple conflict.

The starting point is a quotation from *Jones*, supra:

"The right of 'imperfect self-defense' arises where accused provokes a difficulty, not with intent to kill, but merely to make an assault to whip the assaulted party, but that by reason of his own acts he was driven to resort to extreme measures in killing a party he had provoked into a difficulty in order to protect himself from death or serious bodily injury."

To my mind, the record before us presents a fact situation wherein appellant's right to self-defense was properly limited by a charge on provoking difficulties. The appellant had been informed by his wife of her abduction by deceased, who took her to Kansas City. The appellant placed a loaded pistol in his wrecker truck on Thanksgiving, hoping to sell it to an acquaintance. While driving down a street, appellant sees deceased and deceased's son walking. Appellant turns around and confronts the pair and in the following argument deceased is shot to death.

Appellant sought a confrontation on a public road with a man he believed had abducted his wife, knowing that he had a loaded pistol to use if the need arose. Appellant, by his own words and deeds caused the situation to exist, and when the situation worsened, appellant had to use the pistol to protect himself. Clearly, appellant's conduct and words caused this volatile situation to exist and, therefore, the charge on provoking difficulties was required.

*Smith v. State*, 411 S.W.2d 548 (Tex.Cr.App. 1967).

ensure that the charge correctly states the law and applies that law to the facts. For a charge on provoking the difficulty see McClung, Jury Charges for Texas Criminal Practice, Rev.Ed. 1979, p. 15, a charge approved in *Norwood v. State*, 135 Tex.Cr.R. 406, 120 S.W.2d 806, 808 (1938). See also *Cain v. State*, 226 S.W.2d 640, 642 (Tex.Cr.App.1950); *Garcia v. State*, supra;

1. This is a most reasonable rule of law. If a conflict is presented, the jury may decide the conflict without a "provokings" charge. If the appellant is the attacker, he is guilty; if the appellant was attacked, he has available the self-defense theory.

"Even if," says the majority, a "provokings" charge should have been given, the charge in the record before us is erroneous. Here, the majority has skipped from the holding that the unwarranted limitation of appellant's self-defense theory was alone sufficient to reverse, and now discuss the merits of the charge which by their own holding is unnecessary.

In examining the charge, the majority holds that an essential element of provoking difficulties is omitted. The charge, according to the majority, fails to require the jury to find that words or conduct of the appellant must be the cause of the attack by deceased.

The relevant portion of the charge states:

". . . *did some act* with intent to produce an occasion to bring on the difficulty *and that the same under the circumstances was reasonably calculated to provoke the difficulty, and appellant on such acts* killed deceased . . . in *pursuance of his original design.*" (Emphasis added.)

The State readily concedes that this charge improperly related the law of provoking difficulties. However, the State claims that the misstatement worked to appellant's advantage by narrowing the circumstances under which appellant could be convicted. Under the charge given, the jury had to find that the very act designed to provoke deceased was also the act by which deceased was killed. In other words, the charge limited the jury's consideration of provocating acts. Instead of considering any act as the act of provocation, the jury had to find that the act of provocation and the act resulting in death were in fact the same act. This limitation could work only to appellant's advantage, because it restricted consideration by the jury of acts of provocation exclusive of the act which resulted in the death of deceased.

How can appellant be harmed by such a charge? Appellant benefited by an error on the part of the State and received a charge which narrowly defined provoking difficulties. The majority, by ignoring this, has fashioned a new test for reversal in cases where the court's charge is in issue. Previously, we have looked for *harm* to an appellant, traceable to the charge of the court, but following today's decision, a charge that bestows *benefits* to an appellant may also be the basis for reversal. *Brewer v. State*, 572 S.W.2d 940 at 943 (Tex.Cr.App.1978).

Finally, the majority argues that the charge on the converse of provoking difficulties was in error because it omitted the reasonable doubt standard.

The court charged as to reasonable doubt in the first sentence of the charge on provoking difficulties. However, in charging the converse the charge stated:

"But if the defendant *had no such purpose* in seeking the aforesaid meeting, if he did . . ." (Emphasis added.)

While the better practice is to charge reasonable doubt in connection with each defensive theory, failure to do so is not necessarily reversible error. *Cain v. State*, 154 Tex.Cr.R. 284, 226 S.W.2d 640 (1950). When the charge given by the court adequately presents the defense proposed, the appellant suffers no harm. *Thomas v. State*, 578 S.W.2d 691 (Tex.Cr.App.1979).

In *Prescott v. State*, 54 Tex.Cr.R. 481, 113 S.W. 530 (1908), a charge on the converse was phrased, "but, if the defendant *had no such purpose.*" When viewed as a whole, the charge in *Prescott* presented no reversible error.

I would affirm the judgment, holding that the charge on provoking difficulties was required and that appellant was not harmed by the errors contained in the charge.

DOUGLAS, J., joins in this dissent.