Abel TORRES, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–85–903–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 4, 1986.

Will Outlaw, Houston, for appellant.

John B. Holmes, Jr., Linda A. West, Jay T. Karahan, Houston, for appellee.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Abel Torres, appeals from a judgment of conviction for the offense of murder, enhanced by one prior felony conviction. Appellant entered a plea of not guilty. The jury found appellant guilty and found the enhancement allegation of the indictment true. Punishment was assessed at confinement for life in the Texas Department of Corrections. We affirm.

Appellant presents the following point of error: He asserts the trial court erred by including a jury instruction on provoking the difficulty that was unsupported by any evidence, thereby limiting his right of self-defense.

On the afternoon of May 26, 1984, several people gathered informally in the backyard of the southeast Houston residence of Carmen and Luis Solis. Among the guests were the deceased, Rick Molina, as well as appellant and his girlfriend, Pat Savala.

Luis Solis testified that some people at the party had talked of using Pat's name as a tattoo on Rick's chest, since "[Rick] didn't have a chick to put her name on his chest." Solis continued that "Pat and Rick started making passes at each other" after the talk. He further testified he subsequently left the party to buy beer. On his return, he heard four gunshots coming from the backyard. He saw Molina fall to the ground and appellant run from the yard with a gun in his hand. Solis wrestled appellant to the ground and asked him why he shot Molina. According to Solis, appellant replied, "Because he stabbed me." Someone then grabbed Solis and pulled him off appellant, enabling appellant to flee the scene.

Pat Savala, appellant's girlfriend, testified she was seated in a chair when appellant, who was standing next to her, shot over her glass of beer on the side of the chair and then laughed. She also testified that her statement to the police of the interchange between Molina and appellant, which occurred while she was still seated near appellant, was correct:

> Richard told Abel not to be shooting the pistol, and Abel told him not to be telling him what to do.
>
> *   *   *   *   *   *
>
> I saw Richard get up and go towards Abel.
>
> *   *   *   *   *   *
>
> I think he was going to take the pistol away from him.

After Ms. Savala heard the two men begin to argue she got up and quickly walked around the corner of the backyard storage shack because she feared there would be violence. She stated, "I heard some gunshots and when I turned around, the guy was on the floor (sic) and everybody was running."

Another guest at the party, Joe Cisneros, also testified he saw appellant shoot at a cup and then at the ground. Cisneros turned his back, and within approximately one minute heard more shots and saw Molina lying on the ground.

The testimony of Dr. Aurelio Espinola, deputy Harris County medical examiner, reflects Molina was shot four times at a range of approximately twenty-four inches or less.

Officer Perry of the Houston Police Department testified that he and Sergeant Valdez arrested appellant outside a neighborhood lounge shortly after the shooting. Appellant had in his possession the .22 caliber pistol used in the offense.

In his sole point of error, appellant alleges the trial court erred by including an instruction on provoking the difficulty in its charge to the jury, thereby limiting his right of self-defense. Appellant contends the instruction was improperly included as it was not supported by any evidence. Having reviewed the record, we find the evidence was sufficient to raise a jury issue on provoking the difficulty, supporting the charge of which appellant complains. The issue of whether appellant's conduct was reasonably calculated to provoke the difficulty is a question of fact for jury determination, under appropriate instructions from the court. *Garcia v. State*, 522 S.W.2d 203, 206 (Tex.Crim.App. 1975).

It is well established that a charge on provoking the difficulty is properly included under the following circumstances:

1. Self-defense is an issue;
2. There are facts in evidence which show that the deceased made the first attack on the defendant; and
3. The defendant did some act or used some words intended to and calculated to bring on the difficulty in order to have a pretext for inflicting injury upon the deceased.

*Matthews v. State*, 708 S.W.2d 835, 837–838 (Tex.Crim.App.1986); *Williamson v. State*, 672 S.W.2d 484, 486 (Tex.Crim.App. 1984).

We hold the three elements necessary for the inclusion of the charge are present in this case. The first element, self-defense, was raised as a jury issue when Solis testified that, according to appellant, Molina stabbed appellant first. Furthermore, appellant requested and received a jury instruction on self-defense. The evidence also shows shots were fired at Molina from close range, from which a jury might infer self-defense.

There is evidence in the record of the second element as well, i.e., that the deceased made the first attack on appellant: Pat Savala's testimony of Molina's approach to appellant in order to take away his pistol raises the issue, as does the medical examiner's finding that Molina was within a range of twenty-four inches when he was shot in the chest.

We also find evidence sufficient to raise a jury issue that appellant provoked an encounter with Rick Molina as a pretext for killing him. Luis Solis testified that appellant's girlfriend, Pat Savala, and the deceased made passes at each other. The jury could conclude from Solis' testimony that appellant, motivated by jealousy, fired a shot over his girlfriend's glass of beer, hoping to provoke Molina into rescuing her, thus giving appellant a pretext for killing Molina. The jury could conclude as well that appellant provoked the difficulty from Pat Savala's testimony ("Abel told him not to be telling him what to do") and from the immediate argument that ensued.

On facts similar to these, the Texas Court of Criminal Appeals upheld the inclusion of a charge on provoking the difficulty, stating:

One conclusion to be drawn from this evidence is that appellant, incensed by [the complainant's] familiarity with appellant's common-law wife, took the opportunity presented by their subsequent meeting to provoke an argument with [the complainant], and that his words and acts were calculated to excite [him] to the point that he would attack appellant, thereby providing appellant with justification for shooting [him] in self-defense. Such circumstances call for a charge upon provoking the difficulty. A charge on this issue has been approved in cases where the supporting facts were much weaker. (citations omitted).

*Hall v. State*, 402 S.W.2d 752, 755 (Tex. Crim.App.1966). We hold the evidence sufficient to raise a question of fact for jury determination. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.