Jerry Lee SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–94–01047–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 17, 1996.

---

Brian W. Wice, Houston, for appellant.

Keli Pool Roper, Houston, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

AMIDEI, Justice.

Jerry Lee Smith appeals his conviction by a jury for voluntary manslaughter. The jury assessed his punishment at eighteen years imprisonment. In two points of error, appellant contends the trial court erred (1) by instructing the jury on provocation by appellant and, (2) by overruling appellant's objection to improper prosecutorial jury argument. We affirm.

On April 1, 1994, shortly before midnight, appellant and his girl friend, Marcia, met the deceased, Charlie Taylor, and his girl friend, Sadie, at Taylor's apartment in Houston for a social visit. Johnny Prader and Susan Phillips were also there. Everyone had been drinking beer and all were intoxicated to some degree. Taylor, Sadie, appellant and Marcia had also smoked some crack cocaine. Appellant and Sadie started arguing about something and Taylor intervened and cursed appellant. The evidence is conflicting as to the events occurring thereafter.

Susan testified that she was coming down the stairs and saw appellant come out of the kitchen and "lunge" at Taylor who was sitting on the couch. She did not see any weapon but did see a lot of blood. Taylor's girl friend, Sadie, testified she was sitting in the dining area and denies any verbal confrontation with appellant. She testified that appellant and Taylor argued in the kitchen and Taylor came out of the kitchen and put his knife on a counter. Then appellant came out of the kitchen, picked up the knife off the counter, walked over to Taylor who was standing by the couch, and told Taylor "I'll kill you" and stabbed him with the knife. Neither Susan nor Sadie gave any testimony with respect to Taylor and appellant arguing and Taylor moving towards appellant with the knife in his hand.

Marcia, appellant's girl friend, stated that Sadie and appellant had argued while standing in the bar area outside the kitchen. She stated while appellant and Sadie were arguing, Taylor came to appellant and started arguing with him. Taylor pushed appellant and appellant backed away and told Taylor to stop, that he and Marcia were leaving. Taylor started screaming at appellant and pulled the knife from his back pocket and "lunged" at appellant. Appellant and Taylor struggled and appellant "pushed" Taylor away. Marcia did not see appellant stab Taylor and when she and appellant left Taylor's apartment, Taylor was standing in his doorway cursing appellant.

Appellant testified that Sadie and he argued loudly but does not recall what they argued about. Taylor came up to appellant, while appellant was arguing with Sadie, and appellant and Taylor commenced to argue about something. Taylor pushed appellant and appellant pushed Taylor. Appellant saw Taylor reach in his back pocket and pull the knife. Taylor came at appellant with the knife, they "tussled" and appellant took the knife away from Taylor. After appellant took the knife away, Taylor came at him again and appellant stabbed him. Appellant and Marcia then left the apartment with Taylor standing in the doorway cursing him. Appellant threw the knife away outside the apartment and didn't wait for the police because he didn't think appellant was cut that bad. Appellant did not retreat and stated that Taylor was coming at him too fast.

The autopsy report revealed that Taylor died from two stab wounds to his chest; one of the knife wounds was four inches deep and the other wound was five inches deep. Taylor's blood alcohol level was .169 and his blood contained a small amount of cocaine. A crack pipe was also found at the scene containing 31.04 mg. of cocaine.

■ In his first point of error, appellant contends the trial court erred in submitting an instruction to the jury on provocation where the evidence did not fairly raise the issue. Appellant argues that the evidence establishes only a conflict as to who made the first attack citing *Dirck v. State*, 579 S.W.2d 198, 203 (Tex.Crim.App.1979) as authority. We disagree.

The facts in *Dirck* are not similar to the facts in this case. In *Dirck*, the state presented evidence that defendant made an unprovoked first attack on the victim. The appellant had been informed by his former wife that the victim had abducted her and taken her to Kansas City. Appellant armed himself with a pistol and went looking for the victim. He was driving down the road and saw the victim and his son. He stopped, started an argument with the victim and his son and the victim was shot and killed. The evidence recited in the *Dirck* opinion does not indicate how the victim allegedly made the first attack other than the appellant claimed he was attacked by the deceased and his son. Also, the state in *Dirck* admitted that the charge to the jury was erroneous. In this case, there is no conflict as to who attacked first. Appellant testified that Taylor pushed him, appellant pushed back, then Taylor drew a knife and lunged at appellant. Marcia testified similarly. The other witnesses did not see any such first attack and saw only appellant walking towards Taylor, threaten to kill him, and then stab him. It is conceivable a jury could believe that these witnesses simply did not observe the reported first attack. *Dirck* does not apply to this case as there is no "conflict" as to who made the first attack. The evidence presented at the trial in this case clearly indicates Taylor made the first attack on appellant; the other witnesses did not indicate that Taylor did not make such an attack on appellant. It was for the jury to decide if this evidence was credible.

Provocation is a fact issue, and is included in the court's charge on self-defense as a limitation on that defense. *Dyson v. State*, 672 S.W.2d 460, 463 (Tex.Crim.App.1984). A defendant's testimony alone may be sufficient to raise a defensive theory requiring an instruction in the jury charge. *Id.* at 463. The testimony of Marcia and appellant both indicated an argument between appellant and Sadie, Taylor's girl friend, immediately prior to the killing. Both Marcia and appellant testified as to a loud argument between Sadie and appellant, with much profanity involved from both parties. While the argument was going on, the deceased, Taylor, took offense for some reason and started an argument with appellant. Thereafter, the fight ensued and Taylor was killed by appellant with Taylor's knife. The facts are not disputed as to the ownership of the knife and the fact that appellant killed Taylor with his own knife. The facts are disputed as to how appellant acquired this knife. Sadie and Susan stated Taylor put the knife on the counter outside the kitchen and that appellant picked it up from that location and then stabbed Taylor. Marcia stated that Taylor pulled the knife from his back pocket after the pushing match and argument between Taylor and appellant. Appellant stated Taylor pulled the knife after their pushing match and argument and that he took it from Taylor during a struggle for the knife. These factual conflicts were for the jury to resolve. *Dyson* at 463.

■ A charge on provoking the difficulty is properly included under the following circumstances:

1. Self-defense is an issue;
2. There are facts in evidence which show that the deceased made the first attack on the defendant; and
3. The defendant did some act or used some words intended to and calculated to bring on the difficulty in order to have a pretext for inflicting injury upon the deceased.

*Matthews v. State*, 708 S.W.2d 835, 837–838 (Tex.Crim.App.1986).

The first element, self-defense, was raised by the testimony of appellant and Marcia that Taylor pulled a knife and lunged at appellant. The second element, the first attack by deceased, was raised by the same testimony of appellant and Marcia. The third element concerning the act of provocation of appellant to bring on the difficulty in order to have a pretext for inflicting injury

on the deceased, was raised by the evidence concerning the argument between Sadie and appellant that caused the deceased to start an argument with appellant that led to the fight and the killing of deceased. This evidence was sufficient to raise a jury issue that appellant provoked an encounter with the deceased as a pretext for killing him. It was for the jury to decide if such evidence constituted provocation by appellant. *Matthews* at 838.

In *Norwood v. State*, 135 Tex.Crim. 406, 120 S.W.2d 806, 809 (1938), the court of criminal appeals, in passing upon the question of whether the evidence in the case authorized a charge on provoking the difficulty, stated:

> If the appellant, by his own act or conduct, did something with the intention of provoking a difficulty and it was reasonably calculated to provoke the deceased to make an attack upon the appellant which he, appellant, might use as a pretext for the killing of the deceased, then he forfeited his right of self-defense. What his intentions were was concealed within his own mind and can only be determined from his words, acts, and conduct. If they were such as would reasonably lead a dispassionate mind to the conclusion that he intended to provoke a difficulty for the purpose of killing the deceased, then the testimony was sufficient to submit the issue to the jury for their determination. In every case where the acts and conduct of the accused were the cause of an attack upon him, the question of whether they were reasonably calculated to provoke the difficulty are questions of fact for the determination of the jury under appropriate instructions from the court.

*Id.* at 809.

The trial court in this case instructed the jury on murder, voluntary manslaughter, involuntary manslaughter, self-defense, and provocation of the difficulty. The jury had a choice to find the appellant not guilty or guilty of murder or one of the lesser included offenses of manslaughter. We find the evidence was sufficient to raise a question of fact for jury determination on provoking the difficulty. *Matthews* at 838. *See also Torres* *v. State*, 722 S.W.2d 189 (Tex.App.—Houston [14th Dist.] 1986, no writ). We overrule appellant's point of error one.

■ In point of error two, appellant contends the trial court erred in overruling his objection to alleged improper prosecutorial jury argument at the punishment stage. Appellant argues that the prosecutor's comment that deceased "was a really nice guy" was an improper reference to matters outside the records.

Defense counsel had argued to the jury that appellant was a nice, non-violent person who did not deserve to be placed in prison. The prosecutor in response to this argument told the jury:

> You know, this defendant's mother and his sister got up here and they told you he's a nice guy. He's not violent. He doesn't break laws.

> Of course, they forgot that he broke the law back in 1983. Evidently they didn't know he smokes marijuana. And they said he wasn't violent although they admitted someone who stabs another person to death is violent.

> How much do they know about him? Apparently not everything. But they still want you to believe he's a really nice guy.

> Well, Charlie Taylor was a really nice guy, too, y'all. This is misplaced compassion.

In *Cook v. State*, 858 S.W.2d 467, 476 (Tex.Crim.App.1993), the court stated the four permissible areas of prosecutorial jury argument: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) response to argument of opposing counsel; and (4) plea for law enforcement. *Id.* We find that the statement was invited by opposing counsel's argument to the jury that appellant was a "nice guy." *Jones v. State*, 582 S.W.2d 129, 135 (Tex.Crim.App.1979). We overrule appellant's point of error two.

The judgment of the trial court is affirmed.